UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

In re:                                                      Chapter 11

MARS FX US LP,                                              Case No.: 26-22287 (KYP)

                        Debtor.

---------------------------------------------------------------------x

## PLAN OF LIQUIDATION UNDER CHAPTER
## 11 OF THE BANKRUPTCY CODE OF MARS FX US LP

**RIMON P.C.**
Attorneys for the Debtor
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Ronald J. Friedman
Brian Powers
Haley L. Trust
Courtney Roman

Dated: As of July 2, 2026

## TABLE OF CONTENTS

ARTICLE I.      1

    A.   Rules of Interpretation, Computation of Time and Governing Law ................................... 1

    B.   Defined Terms ................................. 1

ARTICLE II. - ADMINISTRATIVE CLAIMS AND PRIORITY TAX CLAIMS ...................... 8

    B.   Priority Tax Claims ................................. 9

    C.   Fees Payable to the United States Trustee ................................. 9

ARTICLE III. - CLASSIFICATION AND TREATMENT OF CLASSIFIED CLAIMS ........... 10

    A.   Administrative Claims and Priority Tax Claims ................................. 10

    B.   Summary ................................. 10

    C.   Classification and Treatment of Claims ................................. 10

    D.   Special Provision Governing Unimpaired Claims ................................. 12

ARTICLE IV. - ACCEPTANCE OR REJECTION OF THE PLAN ................................. 12

    A.   Presumed Acceptance of Plan ................................. 12

    B.   Voting Classes ................................. 12

    C.   Acceptance by Impaired Classes of Claims ................................. 12

ARTICLE V. - MEANS FOR IMPLEMENTATION OF THE PLAN ................................. 12

    A.   Source of Funds ................................. 12

    B.   Establishment of Litigation Trust ................................. 12

        1.   Appointment of Litigation Trustee ................................. 12

        2.   Bond ................................. 13

        3.   Litigation Trust Oversight Committee ................................. 13

        4.   Governance ................................. 13

        5.   Funding of the Litigation Trust Expenses ................................. 13

        6.   Funding of Litigation Trust ................................. 13

        7.   Transfer of Estate's Assets to Litigation Trust ................................. 13

        8.   Purpose of the Litigation Trust ................................. 14

        9.   Federal Income Tax Treatment of the Litigation Trust ................................. 14

        10.   Dissolution of Litigation Trust and Discharge of Litigation Trustee ................................. 14

        11.   Indemnification ................................. 14

    C.   Powers and Obligations of the Litigation Trustee ................................. 15

    D.   Dissolution of the Debtor. ................................. 16

ARTICLE VI. - TREATMENT OF EXECUTORY CONTRACTS AND
            UNEXPIRED LEASES ............................................................................. 16

    A.   Assumption and Rejection of Executory Contracts and Unexpired Leases ..................... 16

    B.   Claims Based on Rejection of Executory Contracts or Unexpired Leases ....................... 17

    C.   Modifications, Amendments, Restatements or Other Agreements .................................. 17

    D.   Reservation of Rights .................................................................................................... 17

ARTICLE VII. - PROVISIONS GOVERNING DISTRIBUTIONS ........................................ 18

    A.   Distributions for Allowed Claims .................................................................................. 18

    B.   Distributions on Account of Claims Allowed After the Effective Date ......................... 18

        1.   Payments and Distributions on Disputed Claims .................................................. 18

        2.   Special Rules for Distributions to Holders of Disputed Claims ............................ 18

    C.   Delivery and Distributions and Undeliverable or Unclaimed Distributions ................. 19

        1.   Delivery of Distributions in General .................................................................... 19

        2.   Minimum Distributions ........................................................................................ 19

        3.   Undeliverable Distributions and Unclaimed Property .......................................... 19

    D.   Compliance with Tax Requirements/Allocations ......................................................... 20

    E.   Timing and Calculation of Amounts To Be Distributed ............................................... 20

    F.   Setoffs ......................................................................................................................... 20

ARTICLE VIII. - PROCEDURES FOR RESOLVING DISPUTED, CONTINGENT
            AND UNLIQUIDATED CLAIMS OR INTERESTS .................................... 21

    A.   Resolution of Disputed Claims ..................................................................................... 21

        1.   Prosecution of Claims Objections ........................................................................ 21

        2.   Procedure for Omnibus Objections to Claims ...................................................... 21

        3.   Claims Estimation ................................................................................................ 21

        4.   Deadline to File Objections to Claims .................................................................. 22

    B.   Claims Allowance ........................................................................................................ 22

    C.   Controversy Concerning Impairment ........................................................................... 22

    D.   Disallowance of Claims ............................................................................................... 22

ARTICLE IX. - CONDITIONS PRECEDENT TO CONFIRMATION AND
            CONSUMMATION OF THE PLAN ......................................................... 23

    A.   Conditions Precedent to Confirmation ......................................................................... 23

    B.   Conditions Precedent to Consummation and Occurrence of Effective Date ................. 23

    C.   Waiver of Conditions ................................................................................................... 23

    D.   Effect of Non-Occurrence of Conditions to Consummation ........................................ 24

ARTICLE X. - SETTLEMENT, INJUNCTION AND RELATED PROVISIONS ................... 24

A.  Compromise and Settlement ................................................................................ 24

B.  Exculpation ............................................................................................................ 24

C.  Preservation of Rights of Action / Reservation of Rights.................................... 25

    1.  Maintenance of Causes of Action ................................................................... 25

    2.  Preservation of All Causes of Action Not Expressly Sold, Settled, or Released.......... 26

D.  Preservation of Insurance...................................................................................... 27

E.  Injunction .............................................................................................................. 27

ARTICLE XI. - RETENTION OF JURISDICTION ................................................................. 28

ARTICLE XII. - MISCELLANEOUS PROVISIONS................................................................ 29

A.  Payment of Statutory Fees .................................................................................... 29

B.  Quarterly Reports.................................................................................................. 30

C.  Modification of Plan .............................................................................................. 30

D.  Revocation of Plan................................................................................................. 30

E.  Successor and Assigns ........................................................................................... 30

F.  Reservation of Rights............................................................................................. 30

G.  Further Assurances................................................................................................ 31

H.  Severability ........................................................................................................... 31

I.  Service of Documents ............................................................................................ 31

## PLAN OF LIQUIDATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE OF MARS FX US LP

Mars FX US LP (the "Debtor"), the above-captioned Debtor and debtor in possession, hereby respectfully proposes the following plan of liquidation under chapter 11 of title 11, United States Code.

## ARTICLE I.

A.     Rules of Interpretation, Computation of Time and Governing Law

1.     For purposes herein: (a) in the appropriate context, each term, whether stated in the singular or the plural, shall include both the singular and the plural, and pronouns stated in the masculine, feminine or neuter gender shall include the masculine, feminine and the neuter gender; (b) any reference herein to a contract, lease, instrument, release or other agreement or document being in a particular form or on particular terms and conditions means that the referenced document shall be substantially in that form or substantially on those terms and conditions; (c) any reference herein to an existing document or exhibit having been Filed or to be Filed shall mean that document or exhibit, as it may thereafter be amended, modified or supplemented; (d) unless otherwise specified, all references herein to "Articles" are references to Articles hereof or hereto; (e) unless otherwise stated, the words "herein," "hereof" and "hereto" refer to the Plan in its entirety rather than to a particular portion of the Plan; (f) captions and headings to Articles are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation hereof; (g) the rules of construction set forth in Bankruptcy Code § 102 shall apply; and (h) any term used in capitalized form herein that is not otherwise defined but that is used in the Bankruptcy Code or the Bankruptcy Rules shall have the meaning assigned to that term in the Bankruptcy Code or the Bankruptcy Rules, as the case may be.

2.     The provisions of Bankruptcy Rule 9006(a) shall apply in computing any period of time prescribed or allowed herein.

3.     Except to the extent that the Bankruptcy Code or Bankruptcy Rules apply, and subject to the provisions of any contract, lease instrument, or other agreement or document entered into in connection herewith, the rights and obligations arising hereunder shall be governed by, and construed and enforced in accordance with, the laws of the State of New York, without giving effect to the principles of conflict of laws thereof.

B.     Defined Terms

1.     "Accrued Professional Compensation" means, at any particular time, all accrued, contingent and/or unpaid fees and expenses (including Allowed Fee Claims) for legal, financial, advisory, accounting, real estate brokerage, and other services and reimbursement of expenses that are awardable and allowable under Bankruptcy Code §§ 328, 330(a) or 331 or otherwise rendered prior to the Confirmation Date by any Retained Professional in the Chapter 11 Cases that the Bankruptcy Court has not denied by a Final Order, to the extent that any such fees and expenses have not been previously paid regardless of whether a fee application has been Filed for any such

1

amount.  To the extent that the Bankruptcy Court or any higher court denies or reduces by a Final Order any amount of a Retained Professional's fees or expenses, then those reduced or denied amounts shall no longer constitute Accrued Professional Compensation.

2.      "Administrative Claim" means any Claim for costs and expenses of administration of the Estate under Bankruptcy Code §§ 503(b), 507(b) or 1114(e)(2), including: (a) the actual and necessary costs and expenses incurred after the Petition Date of preserving the Estate; (b) Fee Claims; (c) all fees and charges, and any applicable interest, assessed against the Estate under chapter 123 of Title 28 of the United States Code, 28 U.S.C. §§ 1911-30; and (d) Claims arising under Bankruptcy Code § 503(b)(9).

3.      "Allowed" means with respect to Claims: (a) any Claim proof of which is timely Filed by the applicable Claims Bar Date (or for which Claim under the Bankruptcy Code or Final Order of the Bankruptcy Court a Proof of Claim is or shall not be required to be Filed); (b) any Claim that is listed in the Schedules as not contingent, not unliquidated and not disputed, and for which no Proof of Claim has been timely Filed; or (c) any Claim Allowed pursuant to the Plan; provided, however, that with respect to any Claim described in clauses (a) and (b) above, such Claim shall be considered Allowed only if and to the extent that with respect to any Claim (i) no objection to the allowance thereof has been interposed within the applicable period of time fixed by the Plan, the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Court or (ii) regardless of whether such an objection is so interposed, the Claim shall have been Allowed by a Final Order. Any Claim that has been or is hereafter listed in the Schedules as contingent, unliquidated or disputed, and for which no Proof of Claim is or has been timely Filed, is not considered Allowed and shall be expunged without further action by the Debtor and without further notice to or action, approval or order of the Bankruptcy Court.

4.      "Assets" means any and all property of the Estate, including without limitation, all property and other interests identified in Bankruptcy Code § 541(a).  Without limiting the foregoing, Assets shall include all of the Debtor's real, personal, tangible and intangible property, wherever located and whether acquired prior to or after the Petition Date, including Cash, real property, personal property, furniture, fixtures, equipment, artwork, intellectual property, accounts, tangibles, intangibles, Causes of Action (including Avoidance Actions), together with the proceeds and products, replacements and accessions thereof.

5.      "Avoidance Action" means any Causes of Action to avoid or recover a transfer or property of the Estate or an interest of the Debtor in property, including without limitation, actions arising under Bankruptcy Code §§ 506, 510, 541, 542, 544, 545, 547, 548, 549, 550, and 553, and any other applicable federal, state or common law.

6.      "Bankruptcy Code" means title 11, United States Code, as applicable to the Chapter 11 Case.

7.      "Bankruptcy Court" means the United States Bankruptcy Court for the Southern District of New York having jurisdiction over the Chapter 11 Case and, to the extent of the withdrawal of any reference under 28 U.S.C. § 157, the United States District Court for the Southern District of New York.

8.      "Bankruptcy Rules" means the Federal Rules of Bankruptcy Procedure, as applicable to the Chapter 11 Case, promulgated under 28 U.S.C. § 2075 and the general, local, and chambers rules of the Bankruptcy Court.

9.      "Business Day" means any day, other than a Saturday, Sunday or "legal holiday" (as defined by Bankruptcy Rule 9006(a)).

10.     "Capital Accounts" means the Capital Accounts for each Holder of a Limited Partnership Claim, as established and defined in the Limited Partnership Agreement and maintained on the Debtor's books and records as of the Record Date.

11.     "Cash" means the legal tender of the United States of America or the equivalent thereof, including bank deposits, checks, and cash equivalents.

12.     "Causes of Action" means: (a) any and all avoidance, recovery, subordination or other actions or remedies that may be brought or have already been commenced as of the Confirmation Date on behalf of the Debtor or its Estate under the Bankruptcy Code or applicable non-bankruptcy law, including actions or remedies under Bankruptcy Code §§ 510, 542, 543, 544, 545, 547, 548, 549, 550, 551, 552, 553(b) and 724(a); and (b) all actions claims, rights, suits, remedies, counterclaims, crossclaims, indemnity claims, contribution claims or defenses that the Debtor or its Estate may have.

13.     "Cayman Entities" means Mars FX Master Ltd and MARS FX INTERNATIONAL LTD.

14.     "Chapter 11 Case" means the chapter 11 case pending for the Debtor under chapter 11 of the Bankruptcy Code in the Bankruptcy Court, Case No. 26-22287 (KYP).

15.     "Claim" means any claim against the Debtor as defined in Bankruptcy Code § 101(5).

16.     "Claims Bar Date" means, as applicable, (a) the General Bar Date, (b) the Government Claims Bar Date, (c) the General Administrative Claims Bar Date, or (d) such other period of limitation to be fixed by the Confirmation Order for filing such Claims.

17.     "Claims Objection Bar Date" means, as applicable: (a) 180 days after the Effective Date; or (b) such other period of limitation as may be fixed by an order of the Bankruptcy Court or the relevant parties for objecting to any Claims.

18.     "Class" means a category of Holders of Claims or Interests as set forth in Article III.C hereof pursuant to Bankruptcy Code § 1122(a).

19.     "Class A Litigation Trust Units" means beneficial interests in the Litigation Trust entitling holders thereof to receive priority distribution of the recoveries from the Litigation Trust, as further described in the Plan and the Litigation Trust Agreement.

3

20.     "Class B Litigation Trust Units" means beneficial interests in the Litigation Trust entitling holders thereof to receive the distribution of the recoveries from the Litigation Trust after Holders of the Class A Litigation Trust Units receive payment in full, as further described in the Plan and the Litigation Trust Agreement.

21.     "Committee" means the Official Committee of Unsecured Creditors appointed by the Office of the United States Trustee consisting of (i) Gregory M. Dell; (ii) Hongtech Holdings LLC; (iii) MFT MGR LLC; (iv) Jorge A. Castellano; and (v) Steven Fuhrman.

22.     "Confirmation" means the entry of the Confirmation Order on the docket of the Chapter 11 Case, subject to all conditions specified in this Plan having been (a) satisfied, or (b) waived pursuant to the terms of this Plan.

23.     "Confirmation Date" means the date upon which the Bankruptcy Court enters the Confirmation Order on the docket of the Chapter 11 Case, within the meaning of Bankruptcy Rules 5003 and 9021.

24.     "Confirmation Hearing" means the hearing held by the Bankruptcy Court on Confirmation of the Plan pursuant to Bankruptcy Code § 1129, as such hearing may be continued from time to time.

25.     "Confirmation Order" means the order of the Bankruptcy Court confirming the Plan pursuant to Bankruptcy Code § 1129.

26.     "Consummation" means the occurrence of the Effective Date.

27.     "Debtor" means Mars FX US LP, in its capacity as debtor and as debtor in possession in the Chapter 11 Case.

28.     "Disclosure Statement" means the disclosure statement for this Plan, as amended, supplemented, or modified from time to time, including all exhibits and schedules thereto.

29.     "Disclosure Statement Approval Order" means the Final Order of the Bankruptcy Court Approving the Disclosure Statement in accordance with Bankruptcy Code § 1125.

30.     "Disputed Claim" means, with respect to any Claim, any Claim that is not yet Allowed.

31.     "Distributable Funds" means all Cash remaining in the Litigation Trust from the liquidation of the Assets after: (i) repayment of the Exit Facility, and (ii) payment of Litigation Trust Expenses.

32.     "Effective Date" means the day that is the first Business Day after the conditions specified in Article IX.B of the Plan have been satisfied, or waived.

4

33.     "Encumbrance" means any charge, right, demand, mortgage, lease, debt, losses, damage, demand, fine, judgment, penalty, obligation, commitment, assessment, cost, expense, loss, expenditure, charge, fee, penalty, fine, contribution, premium, covenants not to sue, licenses, sublicenses and other similar rights, sublease, hypothecation, deed of trust, pledge, security interest, option, right of use or possession, right of first offer or first refusal, rights of others, easement, restrictive covenant, right of way, preemptive right, conditional sale, servitude, conditional sale agreement or restriction (whether on voting, sale, transfer, defenses, set-off or recoupment rights, disposition or otherwise), encroachment, encumbrance, third party interest or other restriction or limitation of any kind, whether imposed by contract, legal requirement, equity or otherwise, including any "interest" as that term is used in Section 363(f) of the Bankruptcy Code.

34.     "Entity" means an entity as defined in Bankruptcy Code § 101(15), including Persons.

35.     "Estate" means the estate created for the Debtor in its Chapter 11 Case pursuant to Bankruptcy Code § 541.

36.     "Executory Contract" means a contract to which the Debtor is a party that is subject to assumption or rejection under Bankruptcy Code §§ 365 or 1123.

37.     "Exit Facility" means the credit facility (or facilities), a copy of which shall be included in the Plan Supplement, to be entered into on or after the Effective Date by the Litigation Trust in connection with emergence from this Chapter 11 Case, the proceeds of which shall be used to, among other things, pay Fee Claims and fund distributions under the Plan.

38.     "Fee Claim" means a Claim under Bankruptcy Code §§ 328, 330(a), 331, 363 or 503 for Accrued Professional Compensation, including Claims for compensation by a Retained Professional.

39.     "File" or "Filed" means file, filed or filing with the Bankruptcy Court or its authorized designee in the Chapter 11 Case.

40.     "Final Order" means an order or judgment of the Bankruptcy Court, or other court of competent jurisdiction, as entered on the docket in the Chapter 11 Case, or the docket of any court of competent jurisdiction, that has not been reversed, stayed, modified or amended, and as to which the time to appeal, or seek certiorari or move for a new trial, reargument or rehearing has expired and no appeal or petition for certiorari or other proceedings for a new trial, reargument or rehearing been timely taken, or as to which any appeal that has been taken or any petition for certiorari that has been timely Filed has been withdrawn or resolved by the highest court to which the order or judgment was appealed or from which certiorari was sought, or the new trial, reargument or rehearing shall have been denied, resulted in no modification of such order or otherwise been dismissed with prejudice.

41.     "General Administrative Claim" means any Administrative Claim that is not a Fee Claim.

5

42.     "General Administrative Claims Bar Date" means the date by which all General Administrative Claims must be filed against the Debtor's Estate to be established pursuant to the Confirmation Order.

43.     "General Bar Date" means the date by which all Proof of Claims must be filed against the Debtor's Estate to be established pursuant to the Confirmation Order.

44.     "General Unsecured Claim" means any unsecured Claim against the Debtor, which is not a Priority Tax Claim, General Administrative Claim, Fee Claim or Other Priority Claim.

45.     "Government Claims Bar Date" means the date by which all Proof of Claims by a governmental unit must be filed against the Debtor's Estate to be established pursuant to the Confirmation Order.

46.     "Holder" means an Entity or Person holding a Claim or Interest.

47.     "Impaired" means, with respect to a Class of Claims, a Claim that is impaired within the meaning of Bankruptcy Code § 1124.

48.     "Impaired Class" means an impaired Class within the meaning of Bankruptcy Code § 1124.

49.     "Interests" means all of the partnership interests of the Debtor pursuant to the Limited Partnership Agreement.

50.     "Limited Partnership Agreement" means the Third Amended and Restated Limited Partnership Agreement of Mars FX US LP.

51.     "Limited Partnership Claims" means the Claims against the Debtor held by all parties to the Limited Partnership Agreement, other than Novus, whether solely related to such Holder's limited partnership interest or otherwise.

52.     "Litigation Trust" means the litigation trust established under Article V hereof.

53.     "Litigation Trustee" shall mean Luke Anthony Furler, the Debtor's current Chief Restructuring Officer, or his successor pursuant to the Litigation Trust Agreement.

54.     "Litigation Trust Agreement" means the agreement between the Debtor and the Litigation Trustee, which shall be filed with the Bankruptcy Court as part of the Plan Supplement and in a form and substance acceptable to the Committee.

55.     "Litigation Trust Assets" means (a) any and all Assets of the Debtor's Estate transferred to the Litigation Trust, including any and all Causes of Action and the proceeds thereof.

56.     "Litigation Trust Expenses" means the administrative expenses of the Litigation Trust accrued following the Effective Date, including but not limited to professional fees, repayment of any financing agreements, and accrued taxes.

57.     "Litigation Trust Oversight Committee" means the committee appointed as of the Effective Date pursuant to the Plan and as identified in the Plan Supplement.

58.     "Novus" means Novus Capital Partners, LLC.

59.     "Novus Partnership Interests" means (i) the Interests in the Debtor held by Novus as the general partner of the Debtor, and (ii) any other Interests held by the Novus Related Parties.

60.     "Novus Related Parties" means (i) Novus, (ii) David Choi, (iii) Ashish Patel, (iv) Patrick Hofmann, (v) Jae Choi, (v) each of the foregoing's respective relatives, heirs, successors, assigns, agents, and beneficiaries, (vi) any and all Entities owned or controlled by the Persons and Entities set forth in (i)-(v) above, and (vii) any other Holder of a Limited Partnership Claim whose Claim is subordinated pursuant to an order of the Bankruptcy Court.

61.     "Other Priority Claim" means any Claim accorded priority in right of payment under Bankruptcy Code § 507(a), other than a Priority Tax Claim or an Administrative Claim.

62.     "Person" means a person as defined in Bankruptcy Code § 101(41).

63.     "Petition Date" means March 23, 2026, the date on which the Debtor commenced the Chapter 11 Case.

64.     "Plan" means this plan of liquidation, as amended, supplemented or modified from time to time, and including all exhibits, which are incorporated herein by reference.

65.     "Plan Supplement" means the supplement to the Plan that includes the compilation of documents, exhibits, and instruments required to implement the Plan, including, without limitation, the Litigation Trust Agreement, a non-exhaustive schedule of retained Causes of Action, and all documents relating to the Exit Facility, all of which shall be and in a form and substance acceptable to the Committee and filed with the Bankruptcy Court not later than fifteen (15) days before the deadline to object to confirmation of the Plan established by the Disclosure Statement Approval Order.

66.     "Priority Tax Claim" means any Claim of a governmental unit of the kind specified in Bankruptcy Code § 507(a)(8).

67.     "Proof of Claim" means a proof of Claim Filed against the Debtor in the Chapter 11 Case.

68.     "Pro Rata" means the proportion that an Allowed Claim or Interest in a particular Class bears to the aggregate amount of Allowed Claims or Interests in that Class, or the proportion that Allowed Claims or Interests in a particular Class bear to the aggregate amount of Allowed

Claims or Interests in a particular Class and other Classes entitled to share in the same recovery as such Allowed Claim or Interest under the Plan.

69.   "Record Date" means the close of business on the date the Bankruptcy Court enters an order approving the Disclosure Statement.

70.   "Retained Professional" means any Entity: (a) employed in the Chapter 11 Case pursuant to a Final Order in accordance with Bankruptcy Code §§ 327, 328 and 1103 and to be compensated for services rendered prior to the Effective Date, pursuant to Bankruptcy Code §§ 327, 328, 329, 330, 331 or 363; or (b) for which compensation and reimbursement has been allowed by the Bankruptcy Court pursuant to Bankruptcy Code § 503(b)(4).

71.   "Schedules" means, collectively, the schedules of assets and liabilities, schedules of Executory Contracts and Unexpired Leases, and statements of financial affairs Filed by the Debtor pursuant to Bankruptcy Code § 521 (ECF Doc. No. 11), as the same may have been amended, modified or supplemented from time to time.

72.   "Unclaimed Property" means any distribution of Cash, and other property, unclaimed after the Effective Date, or the date upon which a distribution would have been made in respect of the relevant Allowed Claim.  Unclaimed Property shall include: (a) checks (and the funds represented thereby) and other property mailed to a Holder of an Allowed Claim and returned as undeliverable without a proper forwarding address; (b) funds for uncashed checks; (c) checks (and the funds represented thereby) not mailed, or undeliverable in accordance with the Plan; and (d) distributions rejected by a Holder of a Claim.

73.   "Unexpired Lease" means a lease to which the Debtor is a party that is subject to assumption or rejection under Bankruptcy Code §§ 365 or 1123.

74.   "Unimpaired" means, with respect to a Class of Claims, a Claim that is unimpaired within the meaning of Bankruptcy Code § 1124.

75.   "Voting Deadline" means the date and time by which all ballots accompanying the Disclosure Statement upon which Holders of Impaired Claims or Interests entitled to vote shall, among other things, indicate their acceptance or rejection of the Plan in accordance with the Plan and the procedures governing the solicitation process, must be actually received by the Debtor, as established by Order of the Bankruptcy Court.

## ARTICLE II.

## ADMINISTRATIVE CLAIMS AND PRIORITY TAX CLAIMS

A.   Administrative Claims

1.   Except as otherwise provided herein and subject to Bankruptcy Code §§ 328, 330(a) and 331, each Holder of an Allowed General Administrative Claim will be paid the full amount of such Allowed Claim in Cash: (a) on or as soon as reasonably practicable after the Effective Date;

8

(b) if such Claim is Allowed after the Effective Date, on or as soon as practicable after the date such Claim is Allowed; (c) upon such other terms as may be agreed upon by such Holder and the Litigation Trust; or (d) as otherwise ordered by the Bankruptcy Court.

Except as otherwise provided in this Article II.A, unless previously Filed, requests for payment of General Administrative Claims must be Filed and served prior to the General Administrative Claims Bar Date.  Holders of General Administrative Claims that do not File and serve such a request by the applicable General Administrative Claims Bar Date shall be forever barred, estopped and enjoined from asserting such General Administrative Claims against the Debtor, its Estate, and the Litigation Trust and such General Administrative Claims shall be deemed discharged as of the Effective Date.  Objections to such requests must be Filed and served on the Debtor, the Litigation Trustee and the requesting party within thirty (30) days after the General Administrative Claims Bar Date.

2. Fee Claims

Retained Professionals, including without limitation other entities asserting a Fee Claim for services rendered before the Effective Date, must File and serve on the Debtor, the Litigation Trustee, the United States Trustee, and such other Entities who are designated by the Bankruptcy Rules or any order of the Bankruptcy Court an application for final allowance of such Fee Claim no later than sixty (60) days after the Effective Date.  Objections to any Fee Claim must be Filed and served on the Debtor, the Litigation Trustee, the United States Trustee, and the requesting party in accordance with the notice of the hearing on such Fee Claim.

B. Priority Tax Claims

Each Holder of an Allowed Priority Tax Claim due and payable on or prior to the Effective Date shall receive, as soon as reasonably practicable after the Effective Date, on account of such Claim: (1) Cash in an amount equal to the amount of such Allowed Priority Tax Claim; (2) Cash in an amount agreed to by the Litigation Trustee and such Holder; provided, however, that such parties may further agree for the payment of such Allowed Priority Tax Claim at a later date; or (3) at the option of the Litigation Trustee, Cash in an aggregate amount of such Allowed Priority Tax Claim payable in installment payments over a period not more than five (5) years after the Petition Date, pursuant to Bankruptcy Code § 1129(a)(9)(C).

C. Fees Payable to the United States Trustee

The Litigation Trust shall pay all United States Trustee quarterly fees under 28 U.S.C. § 1930(a)(6), plus interest due and payable under 31 U.S.C. § 3717, on all disbursements made by the Debtor, including the transfer of assets to the Litigation Trust, until the entry of a Final Order closing the Chapter 11 Case, dismissal of the Chapter 11 Case, or conversion of the Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code.

## ARTICLE III.

## CLASSIFICATION AND TREATMENT OF CLASSIFIED CLAIMS

A.      Administrative Claims and Priority Tax Claims

In accordance with Bankruptcy Code § 1123(a)(1), Administrative Claims and Priority Tax Claims have not been classified and thus are excluded from the Classes of Claims set forth in Article III.C, hereof.

B.      Summary

1.      The categories of Claims listed below classify Claims for all purposes, including voting, Confirmation and distributions pursuant hereto and pursuant to Bankruptcy Code §§ 1122 and 1123(a)(1).  The Plan deems a Claim to be classified in a particular Class only to the extent that the Claim qualifies within the description of that Class and shall be deemed classified in a different Class to the extent that any remainder of such Claim qualifies within the description of such different Class.  A Claim or an Interest is in a particular Class only to the extent that any such Claim is Allowed in that Class and has not been paid or otherwise settled prior to the Effective Date.

2.      Summary of Classification and Treatment of Classified Allowed Claims and Interests Against the Debtor

| Class | Claim | Status | Voting Rights |
|---|---|---|---|
| 1 | Priority (Non-Tax) Claims | Unimpaired | Deemed to Accept |
| 2 | General Unsecured Claims | Impaired | Entitled to Vote |
| 3 | Limited Partnership Claims | Impaired | Entitled to Vote |
| 4 | Novus Partnership Interests | Impaired | Entitled to Vote |

C.      Classification and Treatment of Claims

The classification and treatment of Claims and Interests pursuant to the Plan, is as follows:

Class 1 – Other Priority (Non-Tax) Claims

(i)     Classification: Class 1 consists of all Other Priority Claims against the Debtor which are not tax claims.

(ii)    Treatment: The legal, equitable and contractual rights of the Holders of Allowed Class 1 Claims are unaltered.  Unless otherwise agreed to by Holders of Allowed Class 1 Claims and the Litigation Trustee, each Holder of an Allowed Class 1 Claim shall receive, in full and final satisfaction of such Allowed Class 1 Claim, payment of the Allowed Class 1 Claim in full in Cash on or as soon as reasonably practicable after the Effective Date.

(iii) Voting: Class 1 is Unimpaired, and Holders of Class 1 Claims are conclusively presumed to have accepted the Plan pursuant to Bankruptcy Code § 1126(f). Therefore, Holders of Class 1 Claims are not entitled to vote to accept or reject the Plan; provided, however, that all Class 1 Claims shall be subject to becoming Allowed Claims under the provisions of the Plan, including Article VIII hereof.

Class 2 – General Unsecured Claims

(i) Classification: Class 2 Claims consists of all General Unsecured Claims held against the Debtor.

(ii) Treatment: Holders of Allowed General Unsecured Claims will receive, in full and final satisfaction, settlement, and discharge and in exchange for each Allowed General Unsecured Claim, their Pro Rata share of the Class A Litigation Trust Units.

(iii) Voting: Class 2 is Impaired, and therefore Holders of Allowed General Unsecured Claims are entitled to vote to accept or reject the Plan.

Class 3 – Limited Partnership Claims

(i) Classification: Class 3 consists of the Debtor's Limited Partnership Claims.

(ii) Treatment: Holders of Limited Partnership Claims will receive, in full and final satisfaction, settlement, and discharge and in exchange for each Allowed Limited Partnership Claim, their Pro Rata share of Class B Litigation Trust Units, calculated based upon such Holder's Capital Account.

(iii) Voting: Class 3 is Impaired, and therefore Holders of Class 3 Limited Partnership Claims are entitled to vote to accept or reject the Plan.

Class 4 – Novus Partnership Interests

(i) Classification: Class 4 consists of the Novus Partnership Interests.

(ii) Treatment: To the extent that any Distributable Funds are available after full payment of all statutory fees, Administrative Claims, Priority Tax Claims, and Claims in Classes 1, 2, and 3, the Holders of Class 4 Interests shall receive such remaining funds in accordance with the requirements of the Limited Partnership Agreement.

11

(iii)    Voting: Class 4 is Impaired, and the Holders of Class 4 Interests are entitled to vote to accept or reject the Plan.

D.    Special Provision Governing Unimpaired Claims

Except as otherwise provided herein, nothing in the Plan shall affect the Debtor's or the Litigation Trust's rights with respect to any Unimpaired Claims, including all rights with respect to legal and equitable defenses to or setoffs or recoupment against any such Unimpaired Claims.

## ARTICLE IV.

## ACCEPTANCE OR REJECTION OF THE PLAN

A.    Presumed Acceptance of Plan

Class 1 is Unimpaired under the Plan and, therefore, is conclusively presumed to have accepted the Plan pursuant to Bankruptcy Code § 1126(f).

B.    Voting Classes

Classes 2, 3, and 4 are Impaired under the Plan, and Holders of Class 2 and 3 Claims and Class 4 Interests as of the Record Date shall be entitled to vote to accept or reject the Plan.

C.    Acceptance by Impaired Classes of Claims

Pursuant to Bankruptcy Code § 1126(c), and except as otherwise provided in Bankruptcy Code § 1126(e), an Impaired Class of Claims entitled to vote to accept or reject the Plan has accepted the Plan if the Holders of at least two-thirds in dollar amount and more than one-half in number of the Allowed Claims in such Class actually voting have voted to accept the Plan.

## ARTICLE V.

## MEANS FOR IMPLEMENTATION OF THE PLAN

A.    Source of Funds

The payments due under the Plan will be paid from: (i) first, the Exit Facility, and (ii) second, the liquidation of the Litigation Trust Assets.

B.    Establishment of Litigation Trust

1.    Appointment of Litigation Trustee

The Confirmation Order shall provide for the appointment of the Litigation Trustee. The Litigation Trustee shall be deemed the Litigation Trust's exclusive representative in accordance

12

with Bankruptcy Code § 1123 and shall have all powers, authority and responsibilities specified under Bankruptcy Code §§ 704 and 1106.

2.      Bond

The Litigation Trustee shall serve without a bond.  The Litigation Trustee may, at its option, obtain a bond, provided that there is sufficient Cash available in the Litigation Trust to purchase a bond.

3.      Litigation Trust Oversight Committee

The Confirmation Order shall provide for the appointment of the Litigation Trust Oversight Committee, which shall initially consist of the members identified in the Plan Supplement.  The Litigation Trust Oversight Committee shall have the authority specified in, and act pursuant to, the Plan and Litigation Trust Agreement.

4.      Governance

The Litigation Trustee's rights and obligations shall be governed by the Plan and the Litigation Trust Agreement.  To the extent of any ambiguity between the Plan and the Litigation Trust Agreement, the Litigation Trust Agreement shall be deemed to control.

5.      Funding of the Litigation Trust Expenses

The Litigation Trust Expenses shall be funded by the Exit Facility, the proceeds of the liquidation of the Assets, and/or the proceeds of any additional financing arrangements entered into by the Litigation Trust after the Effective Date, and shall be paid prior to distributions with respect to Claims.

6.      Funding of Litigation Trust

The Litigation Trust shall be funded by the Litigation Trust Assets.

7.      Transfer of Estate's Assets to Litigation Trust

On the Effective Date, the Debtor shall transfer to the Litigation Trust all of its rights, titles, and interests in and to the Litigation Trust Assets, including, without limitation, all Avoidance Actions and Causes of Action.  For avoidance of doubt, the Causes of Action shall be deemed to have been automatically assigned and transferred to the Litigation Trust on the Effective Date without the need for further conveyance or assignment document.  Upon the Effective Date, the Litigation Trust shall be deemed to be substituted for, without further order of any court, the plaintiff in all Causes of Action.  Any recoveries on account of the Causes of Action transferred to the Litigation Trust shall be distributed in accordance with the Plan.

13

8.      Purpose of the Litigation Trust

The Litigation Trust shall be established for the sole purpose of liquidating the Litigation Trust Assets and distributing the proceeds thereof in accordance with Treasury Regulation section 301.7701-4(d) and Revenue Procedure 94-45, with no objective to continue or engage in the conduct of a trade or business.

9.      Federal Income Tax Treatment of the Litigation Trust

The Litigation Trust is intended to qualify as a liquidating trust for U.S. federal income tax purposes.  In general, a liquidating trust is not a separate taxable entity for U.S. federal income tax purposes, but is instead treated as a grantor trust, i.e., a passthrough entity.  All parties must treat the transfer of the Litigation Trust Assets to the Litigation Trust as a transfer of such assets directly to the Litigation Trust beneficiaries, followed by the transfer of such assets by the beneficiaries to the Litigation Trust.  Consistent therewith, all parties must treat the Litigation Trust as a grantor trust of which the Litigation Trust beneficiaries are the owners and grantors.  The Litigation Trust beneficiaries (and any subsequent holders of interests in the Litigation Trust) generally should be treated for U.S. federal income tax purposes as the direct owners of an undivided interest in the Litigation Trust Assets.  The Litigation Trustee shall determine the fair market value of the Litigation Trust Assets in the manner set forth in the Litigation Trust Agreement, and all parties must consistently use this valuation for all U.S. federal income tax purposes.

10.     Dissolution of Litigation Trust and Discharge of Litigation Trustee

The Litigation Trust shall be dissolved and the Litigation Trustee shall be discharged of his duties hereunder in accordance with the terms of the Litigation Trust Agreement.

11.     Indemnification

Neither the Litigation Trustee nor the Litigation Trust Oversight Committee, nor their respective designees, employees or professionals, or any duly designated agent or representative of the Litigation Trustee or Litigation Trust Oversight Committee, shall be liable for any act or omission taken or omitted to be taken in their respective capacities other than for acts or omissions resulting from willful misconduct, gross negligence, or fraud as determined by Final Order of the Bankruptcy Court.  The Litigation Trustee and the Litigation Trust Oversight Committee may, in connection with the performance of their functions, and in their sole and absolute discretion, consult with attorneys, accountants, financial advisors and agents, and shall not be liable for any act taken, omitted to be taken, or suffered to be done in accordance with advice or opinions rendered by such attorneys, accountants, financial advisors and agents, or any Final Order of the Bankruptcy Court.  Notwithstanding such authority, the Litigation Trustee and Litigation Trust Oversight Committee shall not be under any obligation to consult with attorneys, accountants, financial advisors or agents, and their determination not to do so shall not result in the imposition of liability, unless such determination is based on willful misconduct, gross negligence or fraud as determined by Final Order of the Bankruptcy Court.  The Litigation Trust shall indemnify and hold harmless the Litigation Trustee and the Litigation Trust Oversight Committee, and each of their designees and professionals, all duly designated agents and representatives thereof (in their

14

capacity as such) from and against all liabilities, losses, damages, claims, costs and expenses, including, but not limited to attorneys' fees and costs arising out of or due to such actions or omissions, or consequences of their actions or omissions with respect or related to the performance of their duties or the implementation or administration of this Plan; provided however, that no such indemnification will be made to such Persons for such actions or omissions as a result of willful misconduct, gross negligence or fraud.

C.      Powers and Obligations of the Litigation Trustee

On the Effective Date, the Litigation Trustee shall succeed to all of the rights of the Estate with respect to the Assets necessary to protect, conserve, and liquidate all Assets, including, without limitation, control over (including the right to waive) all attorney-client privileges, work-product privileges, accountant-client privileges and any other evidentiary privileges relating to the Assets that, prior to the Effective Date, belonged to the Debtor pursuant to applicable law.  The powers and duties of the Litigation Trustee shall include, with the consent of the Litigation Trust Oversight Committee to the extent set forth in the Litigation Trust Agreement and without further order of the Court except where expressly stated otherwise, the rights:

1.      to invest Cash in accordance with Bankruptcy Code § 345, and withdraw and make distributions of Cash to Holders of Claims and pay taxes and other obligations incurred by the Estate in accordance with the Plan;

2.      to receive, manage, invest, supervise, and protect the Litigation Trust Assets, including paying taxes or other obligations incurred in connection with administering the Litigation Trust Assets;

3.      to enter into financing agreements or arrangements with third parties, including Holders of Limited Partnership Claims, as may be required to fund the Litigation Trust Expenses;

4.      to engage attorneys, consultants, agents, employees and all professional persons, to assist the Litigation Trust with respect to the Litigation Trust's responsibilities;

5.      to pay the fees and expenses for the attorneys, consultants, agents, employees and professional persons engaged by the Litigation Trust and to pay all other expenses in connection with administering the Litigation Trust Assets;

6.      to execute and deliver all documents, and take all actions, necessary to consummate the Plan and the responsibilities of the Litigation Trust;

7.      to dispose of, and deliver title to others of, or otherwise realize the value of, Litigation Trust Assets to the extent that such action creates value for the Litigation Trust;

8.      subject to Article VIII of the Plan, to object to Claims against the Debtor;

15

9.      subject to Article X of the Plan, to compromise and settle Claims by and against the Debtor;

10.     enter into such agreements as may be required or advisable to satisfy the Litigation Trustee's duties pursuant to the Plan, including entering into an appropriate pooling or sharing arrangement with the Cayman Entities (or their joint liquidators) concerning the proceeds the liquidation of the Litigation Trust Assets, re-financing the Exit Facility, or entering into new financing agreements or arrangements to continue funding Litigation Trust Expenses;

11.     to act on behalf of the Litigation Trust in all adversary proceedings and contested matters (including, without limitation, any Avoidance Actions and Causes of Action) assigned to the Litigation Trust, then pending or that can be commenced in the Bankruptcy Court and in all actions and proceedings pending or commenced elsewhere, and to settle, retain, enforce, or dispute any adversary proceedings or contested matters (including, without limitation, any Causes of Action) and otherwise pursue actions involving Assets that could arise or be asserted at any time under the Bankruptcy Code or otherwise, unless otherwise specifically waived or relinquished in the Plan.  The Litigation Trustee shall be authorized to enter into settlements of Causes of Action without a hearing or Court approval;

12.     abandon any Assets without the need for approval of the Court, and upon such abandonment, such Assets shall cease to be Assets and shall be treated pursuant to the prevailing law of the relevant jurisdiction.

D.      Dissolution of the Debtor.

Upon the Effective Date, the Debtor shall be deemed dissolved for all purposes.  No other actions, filings, or payments shall be required in furtherance of such dissolution.

## ARTICLE VI.

## TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

A.      Assumption and Rejection of Executory Contracts and Unexpired Leases

On the Effective Date, and solely with regard to any such executory contracts or unexpired leases entered into by the Debtor, all Executory Contracts and Unexpired Leases shall be deemed automatically rejected in accordance with the provisions of Bankruptcy Code §§ 365 and 1123 of the Bankruptcy Code as of the Effective Date, unless any such Executory or Unexpired Lease:

(a)     has previously been assumed by the Debtor by Final Order of the Bankruptcy Court;

(b)     has been assumed by the Debtor by order of the Bankruptcy Court as of the Effective Date which order becomes a Final Order after the Effective Date;

16

(c)     is the subject of a motion to assume or reject pending as of the Effective Date; or

(d)     is otherwise assumed pursuant to the terms herein.

B.      Claims Based on Rejection of Executory Contracts or Unexpired Leases

Notwithstanding anything to the contrary provided herein, all Proofs of Claim arising from the rejection (if any) of Executory Contracts or Unexpired Leases must be Filed within the later of: (a) thirty (30) days after the entry of an order of the Bankruptcy Court approving any such rejection; and (b) the first Business Day that is thirty (30) days following the Effective Date. Any Claims arising from the rejection of an Executory Contract or Unexpired Lease for which Proofs of Claim are not timely Filed will be forever barred from assertion against the Debtor, its Estate and the Litigation Trust, unless otherwise ordered by the Bankruptcy Court or as otherwise provided herein. All such Claims shall, as of the Effective Date, be subject to the permanent injunction set forth in Article X.E.

Notwithstanding anything herein to the contrary, nothing in this Plan is intended to extend the deadline by which Proofs of Claim arising from the rejection (if any) of Executory Contracts or Unexpired Leases was required to be previously Filed.

C.      Modifications, Amendments, Restatements or Other Agreements

Unless otherwise provided by the Plan, each rejected Executory Contract or Unexpired Lease shall include all modifications, amendments, restatements or other agreements that in any manner affect such Executory Contract or Unexpired Lease, including all easements, licenses, permits, rights, privileges, immunities, options, rights of first refusal and any other interest.

Amendments, restatements or other modifications to Executory Contracts or Unexpired Leases executed by the Debtor during the pendency of the Chapter 11 Case shall not be deemed to alter the prepetition nature of the Executory Contract or Unexpired Lease, or the validity, priority or amount of any Claim arising in connection therewith.

D.      Reservation of Rights

**Nothing contained in the Plan or the exhibits to the Plan shall constitute an admission by the Litigation Trustee, the Debtor, or the Litigation Trust that any such contract or lease in an Executory Contract or Unexpired Lease or that the Litigation Trustee, the Debtor or the Litigation Trust has any liability thereunder. Additionally, the Litigation Trustee, Debtor and Litigation Trust reserve all of their defenses and rights with respect to any rejection damages claims filed by an Entity with respect to an Executory Contract or Unexpired Lease.**

17

## ARTICLE VII.

### PROVISIONS GOVERNING DISTRIBUTIONS

A.      Distributions for Allowed Claims

Except as otherwise provided herein or as may be ordered by the Bankruptcy Court, and subject to the establishment of a disputed claims reserve, all distributions with respect to Claims that are Allowed Claims as of the Effective Date shall be made by the Litigation Trustee, or his counsel, as set forth in the Plan.  The Litigation Trustee, as applicable, shall make distributions on the Effective Date or as soon as reasonably practicable thereafter, to Holder of Allowed Administrative Claims, Fees of the type described in 28 U.S.C. § 1930(a)(6), including the fees of the United States Trustee, and any applicable interest, and Allowed Fee Claims.

The Litigation Trustee or the Litigation Trust shall make further distributions to Holders of Claims that subsequently become Allowed Claims pursuant to the Plan.  Nothing in this Plan shall be deemed to make any Claim or Interest Allowed, and the Debtor and the Litigation Trust reserve all rights to object to any Claim or Interest, including Class 4 Novus Partnership Interests, on any applicable grounds.

B.      Distributions on Account of Claims Allowed After the Effective Date

1.      Payments and Distributions on Disputed Claims

Notwithstanding any provision herein to the contrary, except as otherwise agreed by the Debtor or the Litigation Trustee, no partial payments and no partial distributions will be made with respect to a Disputed Claim until the resolution of any such disputes by settlement or Final Order. On the first Business Day which is twenty (20) calendar days after the end of the calendar quarter in which a Disputed Claim becomes an Allowed Claim, the Holder of such Allowed Claim will receive such payments and distributions to which that Holder is then entitled under the Plan.  In the event Claims require adjudication or other resolution, the Debtor and Litigation Trustee reserve the right to, or shall upon the order of the Bankruptcy Court, establish appropriate reserves for potential payment of any such Claims.

2.      Special Rules for Distributions to Holders of Disputed Claims

Notwithstanding any provision otherwise in the Plan and except as otherwise agreed to by the relevant parties, no partial payments and no partial distributions shall be made with respect to any Disputed Claim until all Disputed Claims held by the Holder of such Disputed Claim have become Allowed Claims or have otherwise been resolved by settlement or Final Order.

18

C.      Delivery and Distributions and Undeliverable or Unclaimed Distributions

1.      Delivery of Distributions in General

Except as otherwise provided herein, the Litigation Trustee, shall make distributions to Holders of Allowed Claims at the address for each such Holder as indicated on the Debtor's books and records as of the date of any such distribution; provided, however, that if such Holder Files a Proof of Claim, the address identified by the Proof of Claim shall be the address for such distribution, and the manner of delivery for such distributions shall be determined at the discretion of the Litigation Trustee, as applicable.  Nothing herein shall require or be deemed to require the Litigation Trustee to attempt to locate any Holder of an Allowed Claim.  Distributions shall be made in accordance with the provisions of the Plan and may be made in one or more payments or deliveries.

2.      Minimum Distributions

Notwithstanding anything herein to the contrary, the Litigation Trustee shall not be required to make distributions of less than $250.00, and shall not be required to make partial distributions or payments of fractions of dollars. Any Holder of an Allowed Claim whose aggregate distribution under this Plan is less than $250.00 shall forfeit, at the option of the Litigation Trustee, such amount to, and such amount shall vest in the Litigation Trust for distribution in accordance with the terms of this Plan.

In the event that (a) all Allowed Claims, including Administrative Claims, have been paid in full, or (b) only *de minimis* assets remain in the Litigation Trust, all undeliverable distributions or unclaimed property shall be distributed to Holders of Class 4 Novus Partnership Interests.

3.      Undeliverable Distributions and Unclaimed Property

If any distribution is returned as undeliverable, the Litigation Trustee may, in his reasonable discretion, make such efforts to determine the current address of the Holder of the Claim with respect to which the distribution was made, but no distributions to any Holder of an Allowed Claim will be made until the Litigation Trust has determined the current address of the Holder of such Allowed Claim, at which time the distribution will be made without interest.  The Litigation Trustee shall have the discretion to determine how to make distributions in the most efficient and cost-effective manner.

Amounts in respect of any undeliverable distributions made by the Litigation Trustee shall be returned to, and held by the Litigation Trustee, until the distributions are claimed, or are to be deemed to be Unclaimed Property upon the expiration of six (6) months from the date of the return of the undeliverable distribution.  Unclaimed Property shall be utilized by the Litigation Trustee to make additional distributions in accordance with the provisions of the Plan.  After the final distribution is made under the Plan, or after all Allowed Claims (including Allowed Administrative Claims) have been paid in full, with interest, any Unclaimed Property shall revert to the Litigation Trust.

19

D.      Compliance with Tax Requirements/Allocations

In connection with the Plan, to the extent applicable, the Litigation Trustee shall comply with all tax withholding and reporting requirements imposed on them by any governmental unit, and all distributions pursuant hereto shall be subject to such withholding and reporting requirements.  Notwithstanding any provision in the Plan to the contrary, the Litigation Trust shall be authorized to take all actions necessary or appropriate to comply with such withholding and reporting requirements, including segregating or reserving a portion of the distribution to be made under the Plan to generate sufficient funds to pay applicable withholding or other taxes, withholding distributions pending receipt of information necessary to facilitate such distributions or establishing any other mechanisms they believe are reasonable and appropriate.  The Litigation Trustee reserve the right to allocate all distributions made under the Plan in compliance with all applicable liens and encumbrances.  For tax purposes, distributions in full or partial satisfaction of Allowed Claims shall be allocated first to the principal amount of Allowed Claims, with any excess allocated to unpaid interest that accrued on such Claims.

E.      Timing and Calculation of Amounts To Be Distributed

Except as otherwise provided herein, on the Effective Date or as soon as reasonably practicable thereafter (or if a Claim is not an Allowed Claim on the Effective Date, on the Date that such a Claim becomes an Allowed Claim, or as soon as reasonably practicable thereafter), each Holder of an Allowed Claim shall receive, in one or more payments or deliveries, the full amount of the distributions that the Plan provides for Allowed Claims in the applicable Class.  If and to the extent that there are Disputed Claims, distributions on account of any such Disputed Claims shall be made pursuant to the provisions set forth in Article VII hereof.  Except as otherwise provided herein, Holders of Claims shall not be entitled to interest, dividends or accruals on the distributions provided for herein, regardless of whether such distributions are delivered on or at any time after the Effective Date.

F.      Setoffs

The Litigation Trustee may withhold (but not set off except as set forth below) from the distributions called for hereunder on account of any Allowed Claim an amount equal to any claims, equity interests, rights and Causes of Action of any nature that the Litigation Trust may hold against the Holder of any such Allowed Claim, except Holders of Class 3 Limited Partnership Claims.  Except as set forth in this section or as otherwise explicitly provided in the Plan, nothing shall affect the Debtor's or the Litigation Trustee's rights and defenses, both legal and equitable, with respect to any Claims or Interests, including, but not limited to, all rights with respect to legal and equitable defenses to alleged rights of setoff or recoupment, and all rights of Holders of Claims or Interests to contest any setoff or recoupment are reserved.  Neither the failure to effect such a setoff or recoupment nor the allowance of any Claim hereunder shall constitute a waiver or release by the Litigation Trustee of any such claims, equity interests, rights and Causes of Action that the Litigation Trust may possess against any such Holder, except as specifically provided herein.

20

## ARTICLE VIII.

## PROCEDURES FOR RESOLVING DISPUTED,
## CONTINGENT AND UNLIQUIDATED CLAIMS OR INTERESTS

A.    Resolution of Disputed Claims

1.    Prosecution of Claims Objections

The Litigation Trustee, as applicable, shall have the authority to File objections on or before the Claims Objection Bar Date and settle, compromise, withdraw or litigate to judgment objections to any and all Claims filed by such party.  From and after the Effective Date, the Litigation Trustee may settle, compromise, or withdraw objections to any Disputed Claim without approval of the Bankruptcy Court or notice to any party.  Notwithstanding the foregoing, any settlement of a Claim against the Debtor which is non-dischargeable pursuant to Bankruptcy Code § 523 shall not be binding upon the Litigation Trust unless such settlement is approved by Final Order of the Bankruptcy Court pursuant to Bankruptcy Rule 9019.

2.    Procedure for Omnibus Objections to Claims

The Litigation Trustee is permitted to file omnibus objections to Claims (an "Omnibus Objection") on any grounds, including, but not limited to, those grounds specified in Bankruptcy Rule 3007(d).  For Claims that have been transferred, a notice shall be provided only to the claimant listed as being the owner of such Claim on the Debtor's claims register as of the date the Omnibus Objection is filed.  The notice shall include a copy of the relevant Omnibus Objection but not the exhibits thereto listing all Claims subject to the objection thereby; rather, the notice shall (i) identify the particular Claim or Claims filed by the claimant that are the subject of the Omnibus Objection, (ii) provide a unique, specified, and detailed basis for the objection, (iii) explain the proposed treatment of the Claim, (iv) notify such claimant of the steps that must be taken to contest the objection, and (v) otherwise comply with the Bankruptcy Rules.

3.    Claims Estimation

The Litigation Trust may, at any time, request that the Bankruptcy Court estimate (a) any Disputed Claim pursuant to applicable law, and (b) any contingent or unliquidated Claim pursuant to applicable law, including Bankruptcy Code § 502(c), regardless of whether the Litigation Trust or the Debtor have previously objected to such Claim or whether the Bankruptcy Court has ruled on any such objection, and the Bankruptcy Court shall retain jurisdiction under 28 U.S.C. §§ 157 and 1334 to estimate any Disputed Claim, contingent Claim or unliquidated Claim, including during the litigation concerning any objection to any Claim or during the pendency of any appeal relating to any such objection.  Notwithstanding any provision otherwise in the Plan, a Claim that has been expunged from the claims register but that is subject to appeal or has not been the subject of a Final Order, shall be deemed to be estimated at zero dollars, unless otherwise ordered by the Bankruptcy Court.  In the event that the Bankruptcy Court estimates any Disputed Claim, contingent Claim or unliquidated Claim, that estimated amount shall constitute either the Allowed amount of such Claim or a maximum limitation on such Claim for all purposes under the Plan,

including for purposes of distributions, and the Litigation Trust may elect to pursue additional objections to the ultimate distribution on such Claim. If the estimated amount constitutes a maximum limitation on such Claim, the Litigation Trust may elect to pursue any supplemental proceedings to object to any ultimate distribution on account of such Claim. Notwithstanding Bankruptcy Code § 502(j), in no event shall any Holder of a Claim that has been estimated pursuant to Bankruptcy Code § 502(c) or otherwise be entitled to seek reconsideration of such estimation unless such Holder has Filed a motion requesting the right to seek such reconsideration on or before twenty (20) days after the date on which such Claim is estimated. Each of the aforementioned Claims and objection, estimation, and resolution procedures are cumulative and not exclusive of one another. Claims may be estimated and subsequently compromised, settled, withdrawn or resolved by any mechanism approved by the Bankruptcy Court.

4.      Deadline to File Objections to Claims

Any objections to Claims, other than Administrative Claims, shall be Filed no later than the Claims Objection Bar Date.

B.      Claims Allowance

Except as expressly provided herein or in any order entered in the Chapter 11 Case prior to the Effective Date (including the Confirmation Order), no Claim shall be deemed Allowed unless and until such Claim is deemed Allowed under the Plan or the Bankruptcy Code, or the Bankruptcy Court has entered a Final Order (including the Confirmation Order) in the Chapter 11 Case allowing such Claim. Except as expressly provided by the Plan or any order entered in the Chapter 11 Case prior to the Effective Date (including the Confirmation Order), the Litigation Trustee and the Litigation Trust will have and shall retain after the Effective Date any and all rights and defenses that the Debtor had with respect to any Claim as of the Petition Date.

C.      Controversy Concerning Impairment

If a controversy arises as to whether any Claims or any Class of Claims are Impaired under the Plan, the Bankruptcy Court shall, after notice and a hearing, determine any such controversy before the Confirmation Date.

D.      Disallowance of Claims

All Claims of any Entity from which property is sought by the Litigation Trustee under Bankruptcy Code §§ 542, 543, 550 or 553, or that the Litigation Trustee alleges is a transferee of a transfer that is avoidable under Bankruptcy Code §§ 522(f), 522(h), 544, 545, 547, 548, 549 or 724(a), shall be disallowed if such Entity or transferee has failed to turnover such property.

EXCEPT AS OTHERWISE AGREED TO BY THE LITIGATION TRUSTEE, ANY AND ALL PROOFS OF CLAIM FILED AFTER THE APPLICABLE CLAIMS BAR DATE SHALL BE DEEMED DISALLOWED AND EXPUNGED AS OF THE EFFECTIVE DATE WITHOUT FURTHER NOTICE TO OR ACTION, ORDER, OR APPROVAL OF THE BANKRUPTCY COURT, AND HOLDERS OF SUCH CLAIMS MAY NOT RECEIVE ANY

22

DISTRIBUTIONS ON ACCOUNT OF SUCH CLAIMS, UNLESS SUCH LATE PROOF OF CLAIM IS DEEMED TIMELY FILED BY A FINAL ORDER OF THE BANKRUPTCY COURT ON OR BEFORE THE CONFIRMATION HEARING.

## ARTICLE IX.

### CONDITIONS PRECEDENT TO CONFIRMATION AND CONSUMMATION OF THE PLAN

A.      Conditions Precedent to Confirmation

It shall be conditions precedent to Confirmation of the Plan that:

1.      all provisions, terms, and conditions of the Plan are approved in the Confirmation Order; and

2.      the proposed Confirmation Order shall contain provisions that, among other things: (i) authorize the implementation of the Plan in accordance with its terms; (ii) approve in all respects the other settlements, transactions, and agreements to be effected pursuant to the Plan; (iii) find that the Plan complies with all applicable provisions of the Bankruptcy Code, including that the Plan was proposed in good faith and that the Confirmation Order was not procured by fraud; and (iv) approve the Litigation Trust Agreement.

B.      Conditions Precedent to Consummation and Occurrence of Effective Date

It shall be a condition to Consummation of the Plan and occurrence of the Effective Date that the following conditions shall have been satisfied or waived pursuant to the provisions of Article IX hereof:

1.      the Confirmation Order shall have been entered and become a Final Order in form and substance satisfactory to the Litigation Trustee and the Committee;

2.      all documents and agreements necessary to implement the Plan shall have (a) been tendered for delivery, and (b) been executed;

3.      all actions, documents, certificates and agreements necessary to implement this Plan shall have been effected or executed and delivered to the required parties; and

4.      the Exit Facility shall have been entered in form and substance satisfactory to the Litigation Trustee and the Committee.

C.      Waiver of Conditions

The conditions precedent to Confirmation of the Plan and to Consummation of the Plan set forth in this Article IX may be waived by the Debtor and/or the Litigation Trustee, with the written

23

consent of the Committee, without notice, leave or order of the Bankruptcy Court or any formal action other than by proceeding to confirm or consummate the Plan.

D.      Effect of Non-Occurrence of Conditions to Consummation

If the Consummation of the Plan does not occur, the Plan shall be null and void in all respects and nothing contained in this Plan or the Disclosure Statement shall: (1) constitute a waiver or release of any claims by or Claims against the Debtor; (2) prejudice in any manner the rights of the Debtor, any Holders, or any other Entity; or (3) constitute an admission, acknowledgment, offer, or undertaking by the Debtor, any Holders or any other Entity in any respect.

## ARTICLE X.

## SETTLEMENT, INJUNCTION AND RELATED PROVISIONS

A.      Compromise and Settlement

Notwithstanding anything contained herein to the contrary, the allowance, classification and treatment of all Allowed Claims and their respective distributions and treatments hereunder takes into account and conforms to the relative priority and rights of the Claims and the Interests in each Class in connection with any contractual, legal and equitable subordination rights relating thereto whether arising under general principles of equitable subordination, Bankruptcy Code §§ 510(b) and 510(c) or otherwise.  As of the Effective Date, any and all such rights described in the preceding sentence are settled, compromised and released pursuant hereto.  The Confirmation Order will constitute the Bankruptcy Court's finding and determination that the settlements reflected in the Plan are (1) in the best interests of the Debtor, the Estate, and all Holders of Claims, (2) fair, equitable and reasonable, (3) made in good faith, and (4) approved by the Bankruptcy Court pursuant to Bankruptcy Code § 363 and Bankruptcy Rule 9019.

In accordance with the provisions of this Plan, and pursuant to Bankruptcy Code § 363 and Bankruptcy Rule 9019, without any further notice to or action, order or approval of the Bankruptcy Court, after the Effective Date (1) the Litigation Trustee may, with the consent of the Litigation Trust Oversight Committee to the extent set forth in the Litigation Trust Agreement, compromise and settle Claims against the Debtor, and (2) the Litigation Trustee may, with the consent of the Litigation Trust Oversight Committee to the extent set forth in the Litigation Trust Agreement, compromise and settle Causes of Action against other Entities.

B.      Exculpation

TO THE EXTENT PERMISSIBLE UNDER BANKRUPTCY CODE § 1125(E), THE DEBTOR'S COUNSEL, THE DEBTOR'S CHIEF RESTRUCTURING OFFICER, THE COMMITTEE, AND ANY RETAINED PROFESSIONALS OF THE AFOREMENTIONED PARTIES SHALL NEITHER HAVE, NOR INCUR ANY LIABILITY TO ANY ENTITY FOR ACTS BETWEEN THE PETITION DATE AND THE EFFECTIVE DATE TAKEN OR OMITTED TO BE TAKEN IN CONNECTION WITH, OR RELATED TO FORMULATING,

24

NEGOTIATING, PREPARING, DISSEMINATING, IMPLEMENTING, ADMINISTERING, CONFIRMING OR EFFECTING THE CONSUMMATION OF THE PLAN, THE DISCLOSURE STATEMENT, OR ANY CONTRACT, INSTRUMENT, RELEASE OR OTHER AGREEMENT OR CONTRACT, INSTRUMENT, RELEASE OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN, OR ANY ACT BEFORE THE EFFECTIVE DATE TAKEN OR OMITTED TO BE TAKEN IN CONNECTION WITH OR IN CONTEMPLATION OF THE RESTRUCTURING OF THE DEBTOR'S ASSETS AND LIABILITIES; PROVIDED, HOWEVER, THAT THE FOREGOING "EXCULPATION" SHALL HAVE NO EFFECT ON THE LIABILITY OF ANY ENTITY THAT RESULTS FROM ANY SUCH ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER TO HAVE RESULTED FROM SUCH PERSON'S OR ENTITY'S GROSS NEGLIGENCE, WILLFUL MISCONDUCT, BREACH OF FIDUCIARY DUTY, CRIMINAL CONDUCT, ULTRA VIRES ACTIONS, OR THE DISCLOSURE OF CONFIDENTIAL INFORMATION THAT CAUSES DAMAGES, AND, IN ALL RESPECTS, THE DEBTOR, THE DEBTOR'S COUNSEL, AND THE DEBTOR'S CHIEF RESTRUCTURING OFFICER SHALL BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL WITH RESPECT TO THEIR DUTIES AND RESPONSIBILITIES UNDER THE PLAN.

NOTHING IN THE PLAN OR THE CONFIRMATION ORDER SHALL ENJOIN THE UNITED STATES GOVERNMENT OR ANY OF ITS AGENCIES OR ANY STATE AND LOCAL AUTHORITY, FROM BRINGING ANY CLAIM, SUIT, ACTION OR OTHER PROCEEDINGS (WHETHER DIRECTLY, INDIRECTLY, DERIVATIVELY OR OTHERWISE) AGAINST THE DEBTOR, OR ANY OF THE DEBTOR'S ATTORNEYS, ADVISORS, AGENTS, REPRESENTATIVES AND ASSIGNS, OR THE DEBTOR'S PROPERTY, THE DEBTOR'S COUNSEL, THE DEBTOR'S CHIEF RESTRUCTURING OFFICER, THE COMMITTEE, AND ANY RETAINED PROFESSIONALS OF THE AFOREMENTIONED PARTIES' ATTORNEYS, ADVISORS, AGENTS, REPRESENTATIVES AND ASSIGNS, OR THE DEBTOR'S PROPERTY, FOR ANY LIABILITY, INCLUDING UNDER THE INTERNAL REVENUE CODE, THE ENVIRONMENTAL LAWS ( OR ANY CRIMINAL LAWS) OF THE UNITED STATES OR ANY STATE OR LOCAL AUTHORITY IN ADDITION, THE INJUNCTION PROVIDED FOR THE PLAN SHALL NOT RELEASE ANY ATTORNEY FROM OBLIGATIONS OWED UNDER RULE 1.8(h) OF THE NEW YORK STATE RULES OF PROFESSIONAL CONDUCT.

C.      Preservation of Rights of Action / Reservation of Rights

1.      <u>Maintenance of Causes of Action</u>

Except as otherwise provided in the Plan or Confirmation Order, including the exculpation provisions thereof, after the Effective Date, the Litigation Trust shall retain all rights to and shall have standing to commence, pursue, litigate or settle, as appropriate, any and all Causes of Action, whether existing as of the Petition Date or thereafter, arising in any court or other tribunal including in an adversary proceeding Filed in the Chapter 11 Case. A non-exhaustive schedule of such retained Causes of Action shall be included in the Plan Supplement.

25

The Litigation Trustee, pursuant to the requirements of the Litigation Trust Agreement, elect not to pursue any Causes of Action that the Debtor otherwise has authority to pursue hereunder, the pursuit of which the Litigation Trustee deems not to be in the best interest of the Litigation Trust.

Except as specifically provided in the Plan or Confirmation Order, including the exculpation provisions thereof, nothing contained herein or in the Confirmation Order shall be deemed to be a waiver or relinquishment of any claim, Cause of Action, right of setoff, or other legal or equitable defense that the Debtor or its Estate had immediately prior to the Petition Date, against or with respect to any Claim whether impaired or left unimpaired by the Plan. Except as specifically provided for in the Plan or Confirmation Order, including the exculpation provisions thereof, the Litigation Trust shall have, retain, reserve, and be entitled to assert all such claims, Causes of Action, rights of setoff, or other legal or equitable defense which the Debtor had immediately prior to the Petition Date fully as if the Chapter 11 Case had not been commenced, and all legal and equitable rights of the Debtor respecting any Claim whether impaired or left unimpaired by the Plan may be asserted after the Confirmation Date to the same extent as if the Chapter 11 Case had not been commenced.

Except as specifically provided in the Plan or Confirmation Order, including the exculpation provisions thereof, any claims, rights, or Causes of Action that the Debtor may hold against any Entity shall vest in the Litigation Trust on the Effective Date and the Litigation Trustee shall have the exclusive right and authority to institute, prosecute, abandon, settle or compromise any and all such claims, rights and Causes of Action, and the Litigation Trustee shall not require the consent or approval or any party or any further order of the Bankruptcy Court to settle or resolve any claims, rights and Causes of Action.

2.      Preservation of All Causes of Action Not Expressly Sold, Settled, or Released

Unless a claim or Cause of Action against a Holder of a Claim or other Entity is expressly waived, abandoned, relinquished, released, compromised, assigned, or settled in the Plan or any Final Order (including the Confirmation Order), including the exculpation provisions thereof, the Debtor expressly reserves such claim or Cause of Action for later action by the Litigation Trust (including claims and Causes of Action of which the Debtor may presently be unaware or which may arise or exist by reason of additional facts or circumstances unknown to the Debtor at this time or facts or circumstances that may change or be different from those the Debtor now believe to exist) and, therefore, no preclusion doctrine, including the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, waiver, estoppel (judicial, equitable, or otherwise) or laches shall apply to such claims or Causes of Action upon or after the Confirmation or Consummation of the Plan based on the Disclosure Statement, Plan or the Confirmation Order, except where such claims or Causes of Action have been expressly released in the Plan, or any other Final Order (including the Confirmation Order), including the exculpation provisions thereof. In addition, the Debtor and the Litigation Trustee, as the case may be, reserves the right to pursue to adopt any claims alleged in any lawsuit in which the Debtor is a plaintiff, defendant, or an interested party, against any Entity, including the plaintiffs or co-defendants in such lawsuit except where such claims or Causes of Action have been released in the Plan or any other Final Order (including the Confirmation Order).

26

For the avoidance of doubt, nothing in this Plan shall be deemed to release Causes of Action against any party, including, but not limited to, Holders of Class 4 Novus Partnership Interests.

D.    Preservation of Insurance

Nothing in the Plan shall diminish or impair the enforceability of policies of insurance that may cover claims or Causes of Action against the Debtor, the Litigation Trustee, any other Entity, or any other Person.

E.    Injunction

EXCEPT AS OTHERWISE PROVIDED IN THE PLAN, ALL ENTITIES WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS, INTERESTS, CAUSES OF ACTION, OR LIABILITIES AGAINST THE DEBTOR'S ESTATE, SOLELY IN SUCH CAPACITY, INCLUDING BUT NOT LIMITED TO ANY AND ALL PROPERTY OF THE DEBTOR AND ITS ESTATE, ARE PERMANENTLY ENJOINED AND PRECLUDED, FROM AND AFTER THE EFFECTIVE DATE, FROM: (A) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY ENTITY ENTITLED TO EXCULPATION UNDER THIS PLAN, ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY CLAIMS, INTERESTS, CAUSES OF ACTION OR LIABILITIES OF THE DEBTOR; (B) ENFORCING, ATTACHING, COLLECTING OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE OR ORDER AGAINST ANY ENTITY ENTITLED TO EXCULPATION ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY CLAIMS, INTERESTS, CAUSES OF ACTION OR LIABILITIES OF THE DEBTOR; (C) CREATING, PERFECTING OR ENFORCING ANY LIEN, CLAIM OR ENCUMBRANCE OF ANY KIND AGAINST ANY ENTITY ENTITLED TO EXCULPATION ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS, INTERESTS, CAUSES OF ACTION OR LIABILITIES OF THE DEBTOR; AND (D) ASSERTING ANY RIGHT OF SETOFF, SUBROGATION OR RECOUPMENT OF ANY KIND AGAINST ANY ENTITY ENTITLED TO EXCULPATION ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS, INTERESTS, CAUSES OF ACTION OR LIABILITIES, UNLESS SUCH HOLDER HAS FILED A MOTION REQUESTING THE RIGHT TO PERFORM SUCH SETOFF ON OR BEFORE THE CONFIRMATION DATE, AND NOTWITHSTANDING ANY INDICATION IN A PROOF OF CLAIM OR INTEREST OR OTHERWISE THAT SUCH HOLDER ASSERTS, HAS OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO BANKRUPTCY CODE § 553 OR OTHERWISE; PROVIDED, HOWEVER, THAT THE FOREGOING INJUNCTION SHALL HAVE NO EFFECT ON THE LIABILITY OF ANY ENTITY THAT RESULTS FROM ANY SUCH ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER TO HAVE RESULTED FROM SUCH PERSON'S OR ENTITY'S GROSS NEGLIGENCE, WILLFUL MISCONDUCT, BREACH OF FIDUCIARY DUTY, CRIMINAL CONDUCT, ULTRA VIRES ACTIONS, OR THE DISCLOSURE OF CONFIDENTIAL INFORMATION THAT CAUSES DAMAGES, AND, IN ALL RESPECTS, THE DEBTOR SHALL BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL WITH RESPECT TO ITS DUTIES AND RESPONSIBILITIES UNDER THE PLAN.

NOTHING IN THE PLAN OR THE CONFIRMATION ORDER SHALL ENJOIN THE UNITED STATES GOVERNMENT OR ANY OF ITS AGENCIES OR ANY STATE AND LOCAL AUTHORITY, FROM BRINGING ANY CLAIM, SUIT, ACTION OR OTHER PROCEEDINGS (WHETHER DIRECTLY, INDIRECTLY, DERIVATIVELY OR OTHERWISE) AGAINST THE DEBTOR, OR ANY OF THE DEBTOR'S ATTORNEYS, ADVISORS, AGENTS, REPRESENTATIVES AND ASSIGNS, OR THE ESTATE'S ASSETS, FOR ANY LIABILITY, INCLUDING UNDER THE INTERNAL REVENUE CODE, THE ENVIRONMENTAL LAWS (OR ANY CRIMINAL LAWS) OF THE UNITED STATES OR ANY STATE OR LOCAL AUTHORITY. IN ADDITION, THE INJUNCTION PROVIDED FOR IN THE PLAN SHALL NOT RELEASE ANY ATTORNEY FROM OBLIGATIONS OWED UNDER RULE 1.8(h) OF THE NEW YORK STATE RULES OF PROFESSIONAL CONDUCT.

## ARTICLE XI.

## RETENTION OF JURISDICTION

Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, to the extent legally permissible, the Bankruptcy Court shall, after the Effective Date, retain such jurisdiction over the Chapter 11 Case and all Persons and Entities with respect to all matters related to the Chapter 11 Case, the Debtor and the Plan, including jurisdiction to:

1.      allow, disallow, determine, liquidate, classify, estimate or establish the priority or secured or unsecured status of any Claim, including the resolution of any request for the payment of any Administrative Claim and the resolution of any and all objections to the allowance or priority of any Claim;

2.      grant or deny any applications for allowance of compensation or reimbursement of expenses authorized pursuant to the Bankruptcy Code or the Plan, for periods ending on or before the Effective Date;

3.      resolve any matters related to the assumption, assignment or rejection of any Executory Contract or Unexpired Lease to which the Debtor is a party or with respect to which the Debtor may be liable, and to adjudicate and, if necessary, to liquidate, any Claims arising under any Executory Contract or Unexpired Lease;

4.      resolve any issues related to any matters adjudicated in the Chapter 11 Case;

5.      resolve any issues related to any order entered by the Bankruptcy Court in the Chapter 11 Case;

6.      ensure that distributions to Holders of Allowed Claims are accomplished pursuant to the provisions of the Plan;

7.      decide or resolve any motions, adversary proceedings, contested or litigated matters and any other Causes of Action that are pending as of the Effective Date or that may be commenced

28

in the future by or against the Litigation Trust, and grant or deny any applications involving the Debtor that may be pending on the Effective Date or instituted by the Litigation Trustee after the Effective Date; provided that the Litigation Trustee shall reserve the right to commence actions in all appropriate forums and jurisdictions;

8. enter such orders as may be necessary or appropriate to implement or consummate the provisions of the Plan and all other contracts, instruments, and other agreements or documents adopted in connection with the Plan or the Disclosure Statement;

9. resolve any cases, controversies, suits or disputes that may arise in connection with the Consummation, interpretation or enforcement of the Plan or any Entity's obligations incurred in connection with the Plan;

10. issue injunctions and enforce them, enter and implement other orders or take such other actions as may be necessary or appropriate to restrain interference by any Entity with Consummation or enforcement of the Plan, except as otherwise provided in the Plan;

11. enforce the exculpations and injunctions contained in this Plan;

12. resolve any cases, controversies, suits or dispute with respect to any injunction, exculpation or other provisions contained in the Plan, and enter such orders or take such other actions as may be necessary or appropriate to implement or enforce all such provisions;

13. enter and implement such orders or take such other actions as may be necessary or appropriate if the Confirmation Order is modified, stayed, reversed, revoked or vacated;

14. resolve any other matters that may arise in connection with or relate to the Plan, the Disclosure Statement, the Confirmation Order, the Litigation Trust Agreement, or any contract, instrument, release or other agreement or document adopted in connection with the Plan or the Disclosure Statement;

15. enter an order closing the Chapter 11 Case.

## ARTICLE XII.

## MISCELLANEOUS PROVISIONS

A.    Payment of Statutory Fees

All fees and any applicable interest payable pursuant to 28 U.S.C. § 1930(a)(6) shall be paid on the Effective Date of the Plan. All such fees that arise after the Effective Date shall be paid by the Litigation Trustee from Cash. The obligation of the Litigation Trust to pay quarterly fees, and interest, if any, for delinquent fees pursuant to section 3717 of Title 31 of the United States Code, to the U.S. Trustee pursuant to section 1930 of title 28 of the United States Code shall continue until such time as the Chapter 11 Case is closed.

29

B.      Quarterly Reports

The Litigation Trustee shall file quarterly reports of his disbursements after the Confirmation Date and provide copies to the U.S. Trustee.

C.      Modification of Plan

Effective as of the date hereof and subject to the limitations and rights contained in the Plan: (a) the Debtor reserves the right, in accordance with the Bankruptcy Code and the Bankruptcy Rules, to amend or modify the Plan prior to the entry of the Confirmation Order; and (b) after the entry of the Confirmation Order, the Litigation Trustee may, upon order of the Bankruptcy Court, amend or modify the Plan, in accordance with Bankruptcy Code § 1127(b) or remedy any defect or omission or reconcile any inconsistency in the Plan in such manner as may be necessary to carry out the purpose and intent of the Plan.

D.      Revocation of Plan

The Debtor reserves the right to revoke or withdraw the Plan prior to the Confirmation Date and to File subsequent chapter 11 plans.  If the Debtor revokes or withdraws the Plan, or if Confirmation or Consummation does not occur, then: (1) the Plan shall be null and void in all respects; (2) any settlement or compromise embodied in the Plan, assumption or rejection of Executory Contracts or Unexpired Leases effected by the Plan and any document or agreement executed pursuant hereto shall be deemed null and void except as may be set forth in a separate order entered by the Bankruptcy Court, and void except as may be set forth in a separate order entered by the Bankruptcy Court; and (3) nothing contained in the Plan shall: (a) constitute a waiver or release of any Claims by or against the Debtor, or any other Entity, or any Interests; (b) prejudice in any manner the rights of the Debtor, or any other Entity; or (c) constitute an admission, acknowledgement, offer or undertaking of any sort by the Debtor, or any other Entity.

E.      Successor and Assigns

The rights, benefits and obligations of any Entity named or referred to herein shall be binding on, and shall insure to the benefit of, any heir, executor, administrator, successor or assign of such Entity.

F.      Reservation of Rights

Except as expressly set forth herein, the Plan shall have no force or effect unless and until the Bankruptcy Court enters the Confirmation Order, and the Confirmation Order becomes a Final Order.  Neither the filing of the Plan, any statement or provisions contained herein, nor the taking of any action by the Debtor, or any other Entity with respect to the Plan shall be or shall be deemed to be an admission or waiver of any rights of: (1) the Debtor with respect to the Holders of Claims or Interests or other Entity; or (2) any Holder of a Claim or an Interest or Entity prior to the Effective Date.

G.      Further Assurances

The Debtor or the Litigation Trust or the Litigation Trustee, as applicable, all Holders of Claims receiving distributions hereunder, and all other Entities shall, from time to time, prepare, execute and deliver any agreements or documents and take any other actions as may be necessary or advisable to effectuate the provisions and intent of the Plan or the Confirmation Order.

H.      Severability

If, prior to Confirmation, any term or provision of the Plan is held by the Bankruptcy Court, or any other court with jurisdiction over the Chapter 11 Case, to be invalid, void or unenforceable, the Bankruptcy Court, or any other court with jurisdiction over the Chapter 11 Case, shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void or unenforceable, and such term or provision then will be applicable as altered or interpreted, provided that the Debtor may seek an expedited hearing before the Bankruptcy Court, or any other court with jurisdiction over the Chapter 11 Case, to address any objection to any such alteration or interpretation of the foregoing.   Notwithstanding any such order by the Bankruptcy Court, alteration or interpretation, the remainder of the terms and provisions of the Plan shall remain in full force and effect.   The Confirmation Order shall constitute a judicial determination and shall provide that each term and the provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

I.      Service of Documents

Any pleading, notice or other document required by the Plan to be served on or delivered shall be sent to:

    a.      If to the Debtor:

            Rimon P.C.
            100 Jericho Quadrangle, Suite 300
            Jericho, New York 11753
            Attention: Ronald Friedman, Esq.
                    Brian Powers, Esq.

    b.      If to the Litigation Trustee, at the address indicated in the Litigation Trust Agreement.

    c.      If to a Holder of a Claim or Interest, at the address set forth in its Proof of Claim or proof of Interest filed with and Allowed by the Bankruptcy Court, or, if none, at its address set forth in the Schedules prepared and filed by the Debtor with the Bankruptcy Court pursuant to Bankruptcy Rule 1007(b).

31

d.      If to the United States Trustee for Region 2:

U.S. Federal Office Building
201 Varick Street, Room 1006
New York, New York 10014
Attention: Mark Bruh, Esq.

Dated: As of July 2, 2026

**Mars FX US LP**

_s/ Luke Anthony Furler_
Luke Anthony Furler, Chief Restructuring Officer

Dated: As of July 2, 2026

**RIMON P.C.**
Counsel to Mars FX US LP

_s/ Brian Powers_
Brian Powers
Partner
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300

32