# LITIGATION TRUST AGREEMENT

This Litigation Trust Agreement (the "Litigation Trust Agreement") is made and entered into, as of the ____ day of ________ 2026, by and between Mars FX US LP (the "Debtor") and Luke Anthony Furler, in his capacity as Litigation Trustee (including any successor Litigation Trustee, the "Litigation Trustee," and together with the Debtor and members of the Litigation Trust Oversight Committee, the "Parties") and executed in connection with the *First Amended Plan of Liquidation Under Chapter 11 of the Bankruptcy Code of Mars FX US LP*, dated August 3, 2026 (as the same has been or may be amended, the "Plan"), filed with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Plan.

## RECITALS

WHEREAS, on March 23, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the Bankruptcy Court;

WHEREAS, on August 3, 2026, the Debtor filed the Plan;

WHEREAS, on _________________ __, 2026 (the "Confirmation Date"), the Bankruptcy Court entered an order confirming the Plan (ECF Doc. No. ___) (the "Confirmation Order");

WHEREAS, the effective date of the Plan occurred on ___________, 2026 (the "Effective Date");

WHEREAS, the Plan contemplates, among other things: (a) the creation of a litigation trust (the "Litigation Trust") and the distribution of beneficial interests in the Litigation Trust solely for the holders of Allowed Claims contemplated by the Plan (the "Beneficiaries"); and (b) that the Litigation Trust will be vested with (i) any and all Assets of the Debtor's Estate and (ii) all of the Causes of Action and Avoidance Actions, as defined in the Plan, held by the Debtor as of the Effective Date (the "Litigation Trust Assets"), to be liquidated and distributed to the Beneficiaries, as set forth in the Plan and this Agreement;

WHEREAS, the Plan contemplates that the Litigation Trust shall be created for the purpose of: (a) administering the Litigation Trust Assets; (b) resolving Disputed Claims; (c) pursuing the Causes of Action; and (d) making all distributions to the Beneficiaries provided for under the Plan (the "Distributions");

WHEREAS, the Litigation Trust is intended to qualify as a "grantor trust" for U.S. federal income tax purposes, pursuant to Sections 671-677 of the Internal Revenue Code of 1986, as amended (the "IRC"), with the Beneficiaries to be treated as the grantors of the Litigation Trust and deemed to be the owners of the Litigation Trust Assets (subject to the rights of creditors of the Litigation Trust), and consequently, the transfer of the Litigation Trust Assets to the Litigation Trust shall be treated as a deemed transfer by such Beneficiaries to the Litigation Trust for federal income tax purposes;

WHEREAS, the Plan provides that the Confirmation Order shall designate the Litigation Trustee; and

WHEREAS, pursuant to the Plan and the Confirmation Order, Luke Anthony Furler, the Debtor's current Chief Restructuring Officer, has been designated as the Litigation Trustee, and he has agreed to serve as the Litigation Trustee.

NOW, THEREFORE, pursuant to the Plan and the Confirmation Order, in consideration of the promises, the mutual agreements of the Parties contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and affirmed, the Parties hereby agree as follows:

## I. DECLARATION OF TRUST

1.1 **Creation and Purpose of the Litigation Trust.** Pursuant to the Plan and the Confirmation Order, the Litigation Trust is being established for the primary purpose of liquidating and distributing the Litigation Trust Assets to the Beneficiaries in accordance with the Plan, the Confirmation Order, and applicable tax statutes, rules, and regulations. In particular, the Litigation Trustee shall (a) make continuing efforts to collect and reduce the Litigation Trust Assets to Cash, and (b) make timely Distributions and not unduly prolong the duration of the Litigation Trust.

1.2 **Declaration of Trust.** To declare the terms and conditions hereof, and in consideration of the confirmation of the Plan, the Parties have executed this Litigation Trust Agreement and, effective on the Effective Date, all of the rights, title, and interests of the Debtor in and to the Litigation Trust Assets are irrevocably transferred and assigned to the Litigation Trust under and subject to the terms of the Plan and the Confirmation Order, for the benefit of the Beneficiaries and their successors and assigns as provided for in this Litigation Trust Agreement and in the Plan and Confirmation Order.

1.3 **Vesting of Estate Assets.** On the Effective Date, pursuant to the terms of the Plan and the Confirmation Order, the Litigation Trust Assets shall automatically vest in the Litigation Trust, which also shall be authorized to obtain, liquidate, collect, and receive all of the Litigation Trust Assets and pursue all of the Causes of Action, including but not limited to all Avoidance Actions. The Litigation Trustee shall have no duty to arrange for any of the transfers contemplated hereunder and shall be conclusively entitled to rely on the legality and validity of such transfers. Moreover, on the Effective Date, all privileges with respect to any Litigation Trust Assets, including the attorney/client privilege, to which the Debtor is entitled shall automatically be vested in, and available for assertion or waiver by the Litigation Trustee on behalf of the Litigation Trust. To the extent any of the foregoing does not automatically occur on the Effective Date or is not effectuated through the Confirmation Order or this Litigation Trust Agreement, the Parties shall, on the Effective Date, execute such other and further documents as are reasonably necessary to effectuate all of the foregoing.

1.4 **Funding of the Litigation Trust.** The Litigation Trust shall be funded, on the effective date of the Plan, with the Litigation Trust Assets, as provided for in the Plan and in the Confirmation Order.

1.5 **Acceptance by the Litigation Trustee.** The Litigation Trustee hereby accepts the trust imposed upon him by this Litigation Trust Agreement and agrees to observe and perform that trust on and subject to the terms and conditions set forth in this Litigation Trust Agreement, the Plan, and the Confirmation Order. In connection with and in furtherance of the purposes of the Litigation Trust, the Litigation Trustee hereby accepts the transfer of the Litigation Trust Assets.

1.6 **Name of the Litigation Trust.** The Litigation Trust established hereby shall be known as the "Mars FX Litigation Trust".

1.7 **Statement of Intent, No Partnership.** The Parties intend (i) the Litigation Trust to qualify as a "grantor trust" for U.S. federal income tax purposes, (ii) that the Litigation Trust shall not be a partnership or joint venture, and (iii) that no Party shall be a partner or joint venturer of any other Party, for any purpose other than federal, state, and local tax purposes, and the provisions of this Litigation Trust Agreement shall not be construed otherwise.

## II. THE LITIGATION TRUSTEE

2.1 **Appointment.** The Litigation Trustee has been appointed pursuant to the provisions of the Plan. The Litigation Trustee's appointment shall continue until the earlier of (a) the termination of the Litigation Trust or (b) the Litigation Trustee's resignation, death, dissolution, removal, or liquidation.

2.2 **Litigation Trust Oversight Committee.** On or after the Effective Date, the Litigation Trust Oversight Committee shall be appointed and shall consist of no more than nine (9) voting members, being the following as of the Effective Date (i) Gregory M. Dell; (ii) Hongtech Holdings LLC; (iii) MFT MGR LLC; (iv) Jorge A. Castellano; and (v) Steven Fuhrman. The Litigation Trust Oversight Committee may also appoint one or more additional persons to serve as non-voting, ex officio members. The Litigation Trust Oversight Committee shall have the authority specified in the Plan and this Litigation Trust Agreement. Except as otherwise expressly provided herein, any actions taken by the Litigation Trust Oversight Committee shall be by majority vote. Actions by the Litigation Trustee, including for settlement, abandonment, and prosecution of Litigation Trust Assets shall be subject to approval of the Litigation Trust Oversight Committee, as expressly set forth herein, including but not limited to Section 2.8 of this Litigation Trust Agreement.

2.3 **Fiduciary Duties.** The Litigation Trustee shall have fiduciary duties to the Beneficiaries consistent with the fiduciary duties that a member of an official committee appointed pursuant to Section 1102 of the Bankruptcy Code has to the creditor constituents represented by such committee and shall exercise his or her responsibilities accordingly; provided, however, that the Litigation Trustee shall not owe fiduciary obligations to any defendants of or adverse parties to the Causes of Action or the Disputed Claims in their capacities as such, it being the intent of such fiduciary duties to ensure that the Litigation Trustee's obligations are to maximize the value of the Litigation Trust Assets, including the Causes of Action. In all circumstances, the Litigation Trustee shall act in the best interests of the Beneficiaries and in furtherance of the purpose of the Litigation Trust, and shall use commercially reasonable efforts to prosecute, settle, or otherwise resolve the Causes of Action and to make timely Distributions and to otherwise monetize the Litigation Trust Assets and not unreasonably prolong the duration of the Litigation Trust.

2.4 **Meetings and Actions of the Litigation Trust Oversight Committee.** Meetings of the Litigation Trust Oversight Committee with the Litigation Trustee shall be held not less often than quarterly. Special meetings of the Litigation Trust Oversight Committee may be held whenever and wherever called for by the Litigation Trustee or any member of the Litigation Trust Oversight Committee; provided, however, that notice of any such meeting shall be duly given in writing no less than three (3) business days prior to such meeting (such notice being subject to waiver by the members). The Litigation Trustee shall prepare an agenda and presentation materials as may be reasonably appropriate for each meeting of the Litigation Trust Oversight Committee. Any action required or permitted to be taken by the Litigation Trust Oversight Committee at a meeting may be taken without a meeting if the action is taken by unanimous written consent of the Litigation Trust Oversight Committee as evidenced by one or more written consents describing the action taken, e-mail consent being sufficient. A quorum for the transaction of business at any meeting of the Litigation Trust Oversight Committee shall consist of at least a majority of its members. Members of the Litigation Trust Oversight Committee may participate in a meeting by means of video conference or telephone. Participation in a meeting by such means shall constitute presence in person at such meeting.

2.5 **Resignation and Replacement of Litigation Trust Oversight Committee Members.** A member of the Litigation Trust Oversight Committee may resign by giving not less than fifteen (15) days' prior written notice thereof to the Litigation Trustee and the other members of the Litigation Trust Oversight Committee. Any member of the Litigation Trust Oversight Committee who transfers 75% or more of their beneficial interest in the Litigation Trust shall automatically be deemed to have resigned effective fifteen (15) days after the date of such transfer. A majority of the members of the Litigation Trust Oversight Committee may remove any member for Cause (as defined in Section 2.12 hereof). In the event of a vacancy on the Litigation Trust Oversight Committee (whether by removal, death, or resignation), a new member may be appointed to fill such position by the remaining members acting by majority vote, following consultation with the Litigation Trustee. The total membership of the Litigation Trust Oversight Committee shall not exceed nine (9) voting members. Every successor or additional member appointed hereunder shall execute, acknowledge, and deliver to the Litigation Trustee an instrument accepting the appointment under this Litigation Trust Agreement and agreeing to be bound hereto.

2.6 **Fiduciary Duties of the Litigation Trust Oversight Committee**. The Litigation Trust Oversight Committee and its members shall have fiduciary duties to the Beneficiaries consistent with the fiduciary duties that the members of an official committee of creditors appointed pursuant to Section 1102 of the Bankruptcy Code have to the creditor constituents represented by such committee and shall exercise their responsibilities accordingly; provided, however, that the Litigation Trust Oversight Committee shall not owe fiduciary obligations to any defendants of Causes of Action in their capacities as such. In all circumstances, the Litigation Trust Oversight Committee shall act in the collective best interests of all Beneficiaries and in furtherance of the purpose of the Litigation Trust.

2.7 **Conflicts of Interest**. A member of the Litigation Trust Oversight Committee who, with respect to a matter or issue, has or may have a conflict of interest whereby such member's interests are adverse to the interests of the Litigation Trust shall be deemed to be a "Conflicted Member" who shall not be entitled to vote or take part in any action with respect to such matter or

issue. The vote or action with respect to such matter or issue shall be undertaken only by members of the Litigation Trust Oversight Committee who are not Conflicted Members, and the affirmative vote of only a majority of the members who are not Conflicted Members shall be required to approve such matter or issue; provided, however, that a member shall not be deemed to be a Conflicted Member with respect to a particular matter or issue if such member merely has an economic interest in the outcome of such matter or issue solely as a holder of a beneficial interest in the Litigation Trust.

2.8 **General Powers.** Except as otherwise provided in this Litigation Trust Agreement, the Plan, or the Confirmation Order, the Litigation Trustee may control and exercise authority over the Litigation Trust Assets, over the acquisition, management, and disposition thereof, and over the management and conduct of the business of the Litigation Trust. No Person dealing with the Litigation Trust shall be obligated to inquire into the Litigation Trustee's authority in connection with the acquisition, management, or disposition of Litigation Trust Assets. Without limiting the foregoing, but subject to the Plan, the Confirmation Order, and other provisions of this Litigation Trust Agreement, the Litigation Trustee shall be expressly authorized, with respect to the Litigation Trust and the Litigation Trust Assets:

(a) to invest Cash in accordance with Bankruptcy Code § 345, and withdraw and make distributions of Cash to Holders of Claims and pay taxes and other obligations incurred by the Estate in accordance with the Plan;

(b) to receive, manage, invest, supervise, and protect the Litigation Trust Assets, including paying taxes or other obligations incurred in connection with administering the Litigation Trust Assets;

(c) subject to the prior consent of the Litigation Trust Oversight Committee, acting by majority vote, to enter into financing agreements or arrangements with third parties, including Holders of Limited Partnership Claims, in an aggregate principal amount exceeding US$1,000,000 as may be required to fund the Litigation Trust Expenses, provided that the Litigation Trustee may, without consent, enter into financing agreement or arrangement in an aggregate principal amount of US$1,000,000 or less, and shall notify the Litigation Trust Oversight Committee within five (5) business days of execution, provided further that any financing or arrangement ranking senior to any then-existing funding of the Litigation Trust shall require the prior consent of the Litigation Trust Oversight Committee, acting by majority vote, irrespective of the principal amount thereof;

(d) engage attorneys, consultants, agents, employees and all professional persons, to assist the Litigation Trust with respect to the Litigation Trust's responsibilities, provided that the engagement of any professional whom the Litigation Trustee reasonably expects to render substantial services in respect of a material matter shall be subject to the prior consent of the Litigation Trust Oversight Committee, acting by majority vote;

(e) to pay the reasonable fees and expenses for the attorneys, consultants, agents, employees and professional persons engaged by the Litigation Trust and to pay all other expenses in connection with administering the Litigation Trust Assets, subject to the terms of this Litigation Trust Agreement, including Section 2.10 hereof;

(f) subject to the express terms of this Section 2.8, to execute and deliver all documents, and take all actions, reasonably necessary to consummate the Plan and the responsibilities of the Litigation Trust;

(g) subject to Article VIII of the Plan, to object to Claims against the Debtor; provided that, the prior consent of the Litigation Trust Oversight Committee, acting by majority vote, shall be required to object to, compromise or withdraw an objection to any Claim in an amount exceeding US$1,000,000, except that, where the Claim is against a Limited Partner, the applicable threshold shall be US$250,000;

(h) subject to Article X of the Plan, to compromise and settle Claims by the Debtor; provided that for any Claims in an amount (i) exceeding US$500,000 with the prior consent of the Litigation Trust Oversight Committee, acting by majority vote, shall be required and (ii) of US$500,000 or less without such consent and the Litigation Trustee shall notify the Litigation Trust Oversight Committee of any such settlement within five (5) business days;

(i) subject to the prior consent of the Litigation Trust Oversight Committee, acting by majority vote, to enter into an appropriate pooling or sharing arrangement, or any other material agreement (an information sharing agreement shall not be considered material), with the Cayman Entities (or their joint liquidators) concerning the liquidation of the Litigation Trust Assets;

(j) subject to the express terms of this Section 2.8, to act on behalf of the Litigation Trust in all adversary proceedings and contested matters (including, without limitation, any Avoidance Actions and Causes of Action) assigned to the Litigation Trust, then pending or that can be commenced in the Bankruptcy Court and in all actions and proceedings pending or commenced elsewhere, and to settle, retain, enforce, or dispute any adversary proceedings or contested matters (including, without limitation, any Causes of Action) and otherwise pursue actions involving Assets that could arise or be asserted at any time under the Bankruptcy Code or otherwise, unless otherwise specifically waived or relinquished in the Plan. The Litigation Trustee shall be authorized to enter into settlements of Causes of Action without a hearing or Bankruptcy Court approval; provided that settlements of causes of action in an amount exceeding US$1,000,000 or involving any of the Debtor's insiders, general partners, or their related parties shall require the prior consent of the Litigation Trust Oversight Committee, acting by majority vote. The Litigation Trustee shall consult with the Litigation Trust Oversight Committee in relation to all material decisions as they relate to litigation strategy, discovery, motions, and trial for any such causes of action exceeding US$1,000,000 or involving any such insiders, general partners or their related parties, and the Litigation Trustee shall notify the Litigation Trust Oversight Committee of any settlement of US$1,000,000 or less within five (5) business days;

(k) abandon any Litigation Trust Assets without the need for approval of the Bankruptcy Court; provided, however, that the Litigation Trustee shall not abandon (i) any Causes of Action and Avoidance Actions having an estimated value of US$250,000 or more or (ii) any Causes of Action and Avoidance Actions against any of the Debtor's insiders, general partners, or their related parties without the prior consent of the Litigation Trust Oversight Committee, acting by majority vote; and upon such abandonment, such Assets shall cease to be Litigation Trust Assets and shall be treated pursuant to the prevailing law of the relevant jurisdiction.

2.9 **Limitations on the Litigation Trustee.** Notwithstanding anything to the contrary under applicable law, this Litigation Trust Agreement, or the Plan, the Litigation Trustee shall not do or undertake any of the following, provided, however, that nothing in this Litigation Trust Agreement shall be deemed to prevent the Litigation Trustee from taking, or failing to take, any action that, based upon the advice of counsel, and in consultation with the Litigation Trust Oversight Committee, he is obligated to take (or fail to take) in the performance of any fiduciary or similar duty which the Litigation Trustee owes to the Beneficiaries or any other Person:

(a) Take, or fail to take, any action that would jeopardize treatment of the Litigation Trust as a "liquidating trust" for federal income tax purposes.

(b) Receive transfers of any listed stocks or securities, any readily-marketable assets or any operating assets of a going concern business, except as is absolutely necessary or required under the Plan and the Confirmation Order; provided, however, that in no event shall the Litigation Trustee receive any such investment that would jeopardize treatment of the Litigation Trust as a "liquidating trust" for federal income tax purposes.

(c) Exercise any investment power other than the power to invest in demand and time deposits in banks or savings institutions, or temporary investments such as short term certificates of deposit or Treasury bills or other investments that a "liquidating trust" within the meaning of Treasury Regulation Section 301.7701-4(d) may be permitted to hold, pursuant to the Treasury Regulations or any modification in the IRS guidelines, whether set forth in IRS rulings, revenue procedures, other IRS pronouncements, or otherwise.

(d) Receive or retain any operating assets of a going concern business, a partnership interest in a partnership that holds operating assets, or fifty percent (50%) or more of the stock of a corporation with operating assets; provided, however, that in no event shall the Litigation Trustee receive or retain any such asset or interest that would jeopardize treatment of the Litigation Trust as a "liquidating trust" for federal income tax purposes.

(e) Notwithstanding any of the foregoing, the Litigation Trustee shall not be prohibited from engaging in any trade or business on his own account, provided that such activity does not interfere or create a conflict with the Litigation Trustee's administration of the Litigation Trust.

2.10 **Compensation of the Litigation Trustee and the Litigation Trust Oversight Committee.**

(a) The Litigation Trustee shall be entitled to reasonable compensation in connection with the performance of its duties as set forth in Schedule 1 hereto (the rates set forth in Schedule 1 are deemed to be reasonable for the services to be rendered by the Litigation Trustee), plus the reimbursement of all reasonable out-of-pocket expenses incurred in connection with this Litigation Trust Agreement. The prior consent of the Litigation Trust Oversight Committee shall be required for any modification to the Litigation Trustee's fees or standard hourly rates, other than a change to such hourly rates made in the ordinary course of business not more than once in any calendar year.

(b) The Litigation Trustee's fees for the previous month shall be paid from the Litigation Trust Assets by wire transfer on the fifteenth (15th) day of each month; provided, however, that (i) the first monthly payment shall include a *pro rata* payment for services rendered for any partial month following the Effective Date; and (ii) payment of such fees are subject to 2.10(c) of this Litigation Trust Agreement.

(c) Review of the statements shall progress as follows:

(i) No later than the fifteenth (15th) day of each month, each of the agents and professionals seeking compensation or reimbursement shall serve a statement on the Litigation Trustee.

(ii) The Litigation Trustee shall provide the Litigation Trust Oversight Committee with a statement of his fees ("Litigation Trustee Fee Statement") within fifteen (15) days of each month end. The Litigation Trust Oversight Committee may, within fifteen (15) days of receipt of the Litigation Trustee Fee Statement, object to such fees solely on the ground of the reasonableness of the fees. If no objection is received within fifteen (15) days of such receipt, it will be deemed there is no objection.

(iii) The Litigation Trustee shall provide the Litigation Trust Oversight Committee the fees of any professionals ("Fees Statement") within fifteen (15) days from the end of the month that such statements are received by the Litigation Trustee.

(iv) The Litigation Trustee will then have fifteen (15) days from receipt of the statement of fees from any professional to review the statement and object to such statement by serving an objection on the party seeking compensation setting forth the precise nature of the objection and the amount at issue.

(v) The Litigation Trust Oversight Committee may, within fifteen (15) days of receipt of the Fees Statement by the Litigation Trustee, object to such fees within the Fees Statement solely on the ground of the reasonableness of the fees. If no objection is received within fifteen (15) days of such receipt, it will be deemed there is no objection.

(d) At the expiration of the fifteen (15) day period in 2.10(c)(iv), and without further order of the Bankruptcy Court (except as provided herein), the Litigation Trustee shall be authorized to pay from the Litigation Trust Assets, or the proceeds or income thereof, 100% of the amounts requested, except for the portion of such fees and expenses to which any objection has been made. The parties shall attempt to consensually resolve objections, if any, to any statement. If the parties are unable to reach a consensual resolution of any such objection, the party who received an objection to its fees and expenses may seek payment of such fees and expenses by filing a motion with and obtaining an order from the Bankruptcy Court and providing notice to the Litigation Trustee and the Litigation Trust Oversight Committee. If the Litigation Trustee or his agent or professional fails to submit a statement, it shall be ineligible to receive payment of fees and expenses therefor as provided in this Litigation Trust Agreement until such statement is submitted. The Litigation Trustee shall provide the Litigation Trust Oversight Committee with a quarterly summary of all fees and expenses paid pursuant to this Section 2.10. For the avoidance of doubt, Allowed Fee Claims and Allowed Administrative Claims payable pursuant to the Plan

and the Confirmation Order shall constitute obligations of the Litigation Trust and shall be payable by the Litigation Trustee from the Litigation Trust Assets on demand or as otherwise agreed between the Litigation Trustee and the holder of such claim.

(e) Except for the reimbursement of reasonable, actual costs and expenses incurred in connection with their duties as members of the Litigation Trust Oversight Committee, including reasonable fees and expenses of one (1) counsel for the Litigation Trust Oversight Committee, the members of the Litigation Trust Oversight Committee shall serve without compensation. Reasonable expenses (including reasonable counsel expenses) incurred by members of the Litigation Trust Oversight Committee may be paid by the Litigation Trustee from the Litigation Trust Assets upon presentation of proper documentation without the need for Bankruptcy Court approval.

2.11 **General Duties, Obligations, Rights and Benefits of the Litigation Trustee**. The Litigation Trustee shall have all duties, obligations, rights, and benefits assumed by, assigned to, or vested in the Litigation Trust under the Plan, the Confirmation Order, this Litigation Trust Agreement and any other agreement entered into pursuant to or in connection with the Plan. Such duties, obligations, rights, and benefits include, without limitation, all duties, obligations, rights and benefits relating to the collection and liquidation of the Litigation Trust Assets, administration of Claims, the pursuit of Causes of Action, Distributions to Beneficiaries, administration of the Litigation Trust, and any other duties, obligations, rights, and benefits reasonably necessary to accomplish the purpose of the Litigation Trust under the Plan, the Confirmation Order, this Litigation Trust Agreement, and any other agreement entered into pursuant to or in connection with the Plan, subject in each case to the approval of the Litigation Trust Oversight Committee as expressly set forth in the Litigation Trust Agreement. Without limiting the duties, obligations, rights, and benefits of the Litigation Trustee under this Section or any other provision of this Litigation Trust Agreement, the Litigation Trustee shall have all duties, obligations, rights, and benefits assigned to the Litigation Trustee under the Plan.

2.12 **Replacement of the Litigation Trustee.** The Litigation Trustee may resign at any time upon thirty (30) days' written notice delivered to the Bankruptcy Court, the Litigation Trust Oversight Committee, and the Office of the United States Trustee for Region 2, provided that such resignation shall only become effective upon the appointment of a permanent or interim successor Litigation Trustee. The Litigation Trustee may be removed by the Litigation Trust Oversight Committee for Cause (as defined herein) immediately upon notice thereof. The Litigation Trust Oversight Committee may also remove the Litigation Trustee without Cause upon the affirmative vote of not less than three-quarters (¾) of its members by giving the Litigation Trustee not less than thirty (30) days notice (the "Removal Notice"). No Removal Notice shall be served during the first eleven (11) months following the Effective Date. For purposes of this Section and Section 2.5, "Cause" shall mean, as determined by a court of competent jurisdiction in a final judgment not subject to further appeal: (i) willful failure to perform material duties hereunder, which is not remedied within thirty (30) days of written notice; (ii) commission of an act of fraud, theft, or embezzlement during the performance of duties hereunder; (iii) conviction of a felony with all appeals having been exhausted or appeal periods lapsed; or (iv) gross negligence, willful misconduct, fraud, or knowing violation of law in the performance of duties hereunder. In the event of the resignation or removal of the Litigation Trustee, the Litigation Trust Oversight Committee shall promptly designate a successor Litigation Trustee by majority vote. If the

members of the Litigation Trust Oversight Committee are unable to agree on a successor, the Bankruptcy Court will determine the successor Litigation Trustee on motion of any member or other party in interest. Upon its appointment, the successor Litigation Trustee, without any further act, shall become fully vested with all of the rights, powers, duties, and obligations of its predecessor, and the predecessor Litigation Trustee shall promptly (a) execute and deliver such documents, instruments, and other writings as reasonably requested by the successor Litigation Trustee or as ordered by the Bankruptcy Court, (b) turn over to the successor Litigation Trustee all property of the Litigation Trust in his or her possession, custody, and control, including, but not limited to, all funds held in bank accounts and all files, books, records, and other documents and information related to the Litigation Trust Assets, and (c) otherwise assist and cooperate in effecting the assumption of his or her obligations and functions by the successor Litigation Trustee. In the event the Litigation Trustee's appointment terminates by reason of death, dissolution, liquidation, resignation, or removal, such Litigation Trustee, and any professionals employed by such Litigation Trustee, shall be immediately compensated for all reasonable fees and expenses accrued through the effective date of termination, whether or not previously invoiced. The provisions of Article IV of this Litigation Trust Agreement shall survive the resignation or removal of any Litigation Trustee. Notwithstanding any resignation or removal of the Litigation Trustee for or without Cause, any fees and expenses (including accrued or unbilled) of the Litigation Trustee shall be immediately payable up to the date of the resignation or removal in accordance with Section 2.10.

2.13 **Litigation Trust Continuance.** The death, dissolution, liquidation, resignation, or removal of the Litigation Trustee shall not terminate the Litigation Trust or revoke any existing agency created by the Litigation Trustee pursuant to this Litigation Trust Agreement or invalidate any action theretofore taken by the Litigation Trustee, and the provisions of this Litigation Trust Agreement shall be binding upon and inure to the benefit of the successor Litigation Trustee and all its successors or assigns.

2.14 **Interim Trustee.** During any period in which there is a vacancy in the position of Litigation Trustee, the Litigation Trust Oversight Committee may appoint one of its members to serve as interim Litigation Trustee (the "Interim Trustee"). The Interim Trustee shall be subject to all the terms and conditions applicable to a Litigation Trustee hereunder; provided, however, that any such Interim Trustee shall not be entitled to receive compensation as Litigation Trustee unless approved by the Litigation Trust Oversight Committee acting by majority vote, but shall be entitled to reimbursement of reasonable, actual, out-of-pocket expenses. Such Interim Trustee shall not be limited in any manner from exercising any rights or powers as a member of the Litigation Trust Oversight Committee merely by such Person's appointment as Interim Trustee.

2.15 **Confidentiality**. The Litigation Trustee shall, during the period that the Litigation Trustee serves as Litigation Trustee under this Litigation Trust Agreement and for a period of two (2) years following the termination of this Litigation Trust Agreement or following such Litigation Trustee's removal or resignation hereunder, hold strictly confidential and not use for personal gain any non-public information of or pertaining to any Person to which any of the Litigation Trust Assets relates or of which the Litigation Trustee has become aware in the Litigation Trustee's capacity as Litigation Trustee, until (a) such information is made public other than by disclosure by the Litigation Trust, the Litigation Trustee, or any professionals retained by the Litigation Trust in violation of this Litigation Trust Agreement; (b) the Litigation Trust is required by law to

disclose such information (in which case the Litigation Trust shall provide the relevant Person reasonable advance notice and an opportunity to protect his, her, or its rights); or (c) the Litigation Trust obtains a waiver of confidentiality from the applicable Person.

## III. LITIGATION TRUST PROSECUTION OF CAUSES OF ACTION; PRESERVATION OF ATTORNEY-CLIENT PRIVILEGE

3.1 **The Litigation Trust's Exclusive Authority to Pursue, Settle, or Abandon Causes of Action.** Pursuant to the Plan, but subject in all respects to the approval of the Litigation Trust Oversight Committee as set forth in Section 2.8 hereof, the Litigation Trust shall have the exclusive right, power, and interest to pursue, settle, or abandon all Causes of Action.

3.2 **Preservation of Confidences and Attorney-Client Privilege.** To effectively investigate, defend, or pursue the Causes of Action and the other Litigation Trust Assets, the Parties and all counsel thereto must be able to exchange information with each other on a confidential basis and cooperate in common interest efforts without waiving any applicable privilege. Given the common interests of the Parties and the Litigation Trustee's position as successor to the Litigation Trust Assets, including the Causes of Action and other Litigation Trust Assets, sharing such information in the manner described in the previous sentence shall not waive or limit any applicable privilege or exemption from disclosure or discovery related to such information.

In connection with the Litigation Trust Assets, including the Causes of Action and other Litigation Trust Assets, any attorney-client privilege, work-product privilege, or other privilege or immunity attaching to any documents or communications (whether written or oral) shall also exist for the benefit of the Litigation Trust and shall vest in the Litigation Trustee and his representatives, and shall also be preserved for and as to the Parties. The Litigation Trustee is authorized to take all necessary actions to benefit from or waive such privileges.

## IV. LIABILITY OF THE LITIGATION TRUSTEE

4.1 **Standard of Care; Exculpation.** Neither the Litigation Trustee, the Litigation Trust Oversight Committee (including any members thereof), nor any director, officer, affiliate, employee, employer, professional, successor, assign, agent, or representative of the Litigation Trustee and the Litigation Trust Oversight Committee (each, an "Exculpated Party" and collectively, the "Exculpated Parties") shall be liable for any losses, claims, damages, liabilities, obligations, settlements, proceedings, suits, judgments, causes of action, litigation, actions, or investigations (whether civil or administrative and whether sounding in tort, contract, or otherwise), penalties, costs, and expenses, including reasonable fees and disbursements (collectively referred to herein as "Losses"), whether or not in connection with litigation in which any Exculpated Party is a party, or enforcing this Litigation Trust Agreement (including these exculpation provisions), as and when imposed on the Litigation Trustee, incurred, caused by, relating to, based upon or arising out of (directly or indirectly) the Litigation Trustee's execution, delivery, and acceptance of or the performance or nonperformance of its powers, duties and obligations under this Litigation Trust Agreement, the Plan, or the Confirmation Order or as may arise by reason of any action, omission, or error of an Exculpated Party; provided, however, that the foregoing limitation shall not apply to any Losses suffered or incurred by any holder of a Claim

or Beneficiary that are found in a final judgment by a court of competent jurisdiction (not subject to further appeal) to have resulted primarily and directly from the fraud, gross negligence, or willful misconduct of such Exculpated Party. Every act taken or omitted, power exercised, or obligation assumed by the Litigation Trust or any Exculpated Party pursuant to the provisions of this Litigation Trust Agreement shall be held to be taken or omitted, exercised, or assumed, as the case may be, by the Litigation Trust or any Exculpated Party acting for and on behalf of the Litigation Trust and not otherwise; provided, however, that none of the foregoing Entities or Persons are deemed to be responsible for any other such Entities' or Persons' actions or inactions. Except as provided in the first proviso of the first sentence of this Section 4.1, every Person, firm, corporation, or other Entity contracting or otherwise dealing with or having any relationship with the Litigation Trust or any Exculpated Party shall have recourse only to the Litigation Trust Assets for payment of any liabilities or other obligations arising in connection with such contracts, dealings or relationships and the Litigation Trust and the Exculpated Parties shall not be individually liable therefore. In no event shall the Litigation Trustee be liable for indirect, punitive, special, incidental, or consequential damage or loss (including but not limited to lost profits) whatsoever, even if the Litigation Trustee has been informed of the likelihood of such loss or damages and regardless of the form of action. Any liability of the Litigation Trustee under this Litigation Trust Agreement will be limited to twice the amount of annual fees paid to the Litigation Trustee. Any action taken or omitted to be taken with the express approval of the Bankruptcy Court will conclusively be deemed not to constitute fraud, willful misconduct, or gross negligence. No termination of this Litigation Trust Agreement or amendment, modification, or repeal of this Section 4.1 shall adversely affect any right or protection of any Exculpated Party that exists at the time of such amendment, modification, or repeal.

4.2 **Indemnification.**

(a) The Litigation Trustee, each member of the Litigation Trust Oversight Committee, and the professionals retained by the Litigation Trustee and the Litigation Trust Oversight Committee (each, an "Indemnified Party" and collectively, the "Indemnified Parties") shall be defended, held harmless, and indemnified from time to time by the Litigation Trust against any and all Losses, including, without limitation, the costs for counsel or others in investigating, preparing, defending, or settling any action or claim, whether or not in connection with litigation in which any Indemnified Party is a party, or enforcing this Litigation Trust Agreement (including these indemnity provisions), as and when imposed on the Litigation Trustee, incurred, caused by, relating to, based upon or arising out of (directly or indirectly) the Litigation Trustee's execution, delivery, and acceptance of or the performance or nonperformance of its powers, duties, and obligations under this Litigation Trust Agreement, the Plan, or the Confirmation Order or as may arise by reason of any action, omission, or error of an Indemnified Party; provided, however, such indemnity shall not apply to any such Losses to the extent it is found in a final judgment by a court of competent jurisdiction (not subject to further appeal) to have resulted primarily and directly from the fraud, gross negligence, or willful misconduct of such Indemnified Party. Satisfaction of any obligation of the Litigation Trust arising pursuant to the terms of this Section shall be payable only from the Litigation Trust Assets, shall be advanced prior to the conclusion of such matter and such right to payment shall be prior and superior to any other rights to receive a distribution of the Litigation Trust Assets (with any amount only being payable to the extent there are proceeds available from the Litigation Trust Assets). The foregoing indemnification shall survive the death, dissolution, resignation, or removal, as may be applicable, of the Litigation Trustee or any member

of the Litigation Trust Oversight Committee and shall inure to the benefit of their respective heirs, successors, and assigns.

(b) The Litigation Trust shall promptly pay to the Indemnified Party the expenses set forth in subparagraph (a) above upon submission of invoices therefor on a current basis. Each Indemnified Party hereby undertakes, and the Litigation Trust hereby accepts its undertaking, to repay any and all such amounts so paid by the Litigation Trust if it shall ultimately be determined that such Indemnified Party is not entitled to be indemnified therefore under this Litigation Trust Agreement.

(c) **Burden of Proof.** In making a determination with respect to entitlement to exculpation or indemnification hereunder, the court, Person, or Entity making such determination shall presume that any Indemnified Party or Exculpated Party is entitled to exculpation and indemnification under this Litigation Trust Agreement, and any Person seeking to overcome such presumption shall have the burden of proof to overcome that presumption.

4.3 **Conduct of Members of the Litigation Trust Oversight Committee**. Subject to any applicable law, the members of the Litigation Trust Oversight Committee shall act in good faith, within the scope of the authority granted to the Litigation Trust Oversight Committee under the Plan and this Litigation Trust Agreement, and in a manner in the best interests of the Litigation Trust. Members of the Litigation Trust Oversight Committee shall not be liable in any event except for acts or omissions constituting willful misconduct, gross negligence or fraud in the performance of their duties pursuant to this Litigation Trust Agreement. For the avoidance of doubt, the Litigation Trust shall have no obligation to indemnify or reimburse any member of the Litigation Trust Oversight Committee for any fees, costs, expenses, or liabilities incurred in connection with any action outside the scope of such member's authority, any dispute pursued primarily for such member's individual benefit, or any removal proceeding or other contested matter against the Litigation Trustee except to the extent expressly authorized by the Bankruptcy Court after notice and a hearing.

4.4 **No Liability for Acts of Successor/Predecessor Litigation Trustees.** Upon the appointment of a successor Litigation Trustee and the delivery of the Litigation Trust Assets to the successor Litigation Trustee, the predecessor Litigation Trustee and any director, officer, affiliate, employee, employer, professional, agent, or representative of the predecessor Litigation Trustee shall have no further liability or responsibility with respect thereto. A successor Litigation Trustee shall have no duty to examine or inquire into the acts or omissions of its immediate or remote predecessor and no successor Litigation Trustee shall be in any way liable for the acts or omissions of any predecessor Litigation Trustee unless a successor Litigation Trustee expressly assumes such responsibility. A predecessor Litigation Trustee shall have no liability for the acts or omissions of any successor Litigation Trustee for any events or occurrences subsequent to the cessation of its role as Litigation Trustee.

4.5 **Reliance by Litigation Trustee on Documents or Advice of Counsel.** Except as otherwise provided in this Litigation Trust Agreement, the Litigation Trustee and any director, officer, affiliate, employee, employer, professional, agent, or representative of the Litigation Trustee may rely, and shall be protected from liability for acting or failing to act, upon any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order, or

other paper or document reasonably believed by the Litigation Trustee to be genuine and to have been presented by an authorized party. The Litigation Trustee shall not be liable for any action taken or omitted or suffered by the Litigation Trustee in reasonable reliance upon the advice of counsel or other professionals engaged by the Litigation Trustee in accordance with this Litigation Trust Agreement. The Litigation Trustee shall be fully indemnified by the Litigation Trust for or in respect of any action taken, suffered or omitted by it and in accordance with such advice or opinion.

4.6 **Insurance.** The Litigation Trustee may purchase, using the Litigation Trust Assets, and carry all insurance policies and pay all insurance premiums and costs the Litigation Trustee deems reasonably necessary or advisable, including, without limitation, purchasing directors and officers liability insurance, errors and omissions insurance, or fiduciary liability insurance for the benefit of the Litigation Trustee and the members of the Litigation Trust Oversight Committee, with regard to any Losses they may incur, arising out of or due to their actions or omissions, or consequences of such actions or omissions, other than as a result of fraud or willful misconduct, with respect to the implementation and administration of the Plan or this Litigation Trust Agreement.

4.7 **Survival.** The provisions of this Article IV shall survive the termination of this Litigation Trust Agreement and the death, resignation, removal, liquidation, dissolution, or replacement of the Litigation Trustee.

## V. GENERAL PROVISIONS CONCERNING ADMINISTRATION OF THE LITIGATION TRUST

5.1 **Incorporation of Plan Provisions; Disputed Claims Reserve.** As of the Effective Date, the Litigation Trust shall assume responsibility for all Claims matters established by the Plan. In accordance with the Plan, the Litigation Trust shall establish appropriate Disputed Claims Reserves pending resolution, as set forth in the Plan, of all contested matters and adversary proceedings concerning Disputed Claims. Such Disputed Claims Reserves shall be created, funded, and administered in accordance with the Plan.

5.2 **Register of Beneficiaries.** The Litigation Trustee shall maintain at all times a register of the names, distribution addresses, amounts of Allowed Claims, and the ratable interests in the Litigation Trust of the Beneficiaries (the "Register"). The initial Register shall be delivered to the Litigation Trustee by the Debtor and shall be based on the list of holders of Claims maintained by the Debtor as of the Confirmation Date and prepared in accordance with the provisions of the Plan and the Confirmation Order. All references in this Litigation Trust Agreement to holders of beneficial interests in the Litigation Trust shall be read to mean holders of record as set forth in the Register maintained by the Litigation Trustee and shall exclude any beneficial owner not recorded on such Register.

5.3 **Books and Records.** The Litigation Trustee shall maintain books and records relating to the Litigation Trust Assets, any income or proceeds realized therefrom, and the payment of expenses of and claims against or assumed by the Litigation Trust in such detail and for such period of time as may be necessary to enable him to make full and proper reports in respect thereof. Except as expressly provided in this Litigation Trust Agreement, the Plan, or the Confirmation

Order, or as may be required by applicable law, nothing in this Litigation Trust Agreement is intended to require the Litigation Trust to file any accounting or seek approval of any court with respect to the administration of the Litigation Trust, or as a condition for making any payment or distribution out of the Litigation Trust Assets.

5.4 **Reporting.** The fiscal year of the Litigation Trust shall be the calendar year. The Litigation Trustee shall file quarterly reports of disbursements after the Effective Date and provide copies to the U.S. Trustee. In addition, the Litigation Trust shall provide unaudited financial statements to each Beneficiary on a quarterly basis (which may be quarterly operating reports filed with the Bankruptcy Court). The Litigation Trustee may post any such report on a website maintained by the Litigation Trustee or electronically file it with the Bankruptcy Court in lieu of actual notice to each Beneficiary (unless otherwise required by law).

5.5 **Confidentiality of Human Resources and Medical.** The Litigation Trustee will not disclose to any Person, either directly or indirectly, any information related to the Debtor's employees, including medical information, unless otherwise permitted or required by applicable law; provided, that the Litigation Trustee may disclose such information to their directors, officers, stockholders, employees, agents, or advisors (including attorneys, accountants, and financial advisors) who need to know such information to consummate the Plan who are bound by confidentiality obligations in favor of the Litigation Trustee.

## VI. BENEFICIAL INTERESTS AND BENEFICIARIES

6.1 **Trust Beneficial Interests.** Each holder of an Allowed Claim shall be entitled to receive beneficial interests in accordance with the treatment of such Claim under the Plan, and shall be entitled to Distributions as set forth in the Plan.

6.2 **Interest Beneficial Only.** Ownership of a beneficial interest in the Litigation Trust shall not entitle any Beneficiary to any title in or to the Litigation Trust Assets or to any right to call a partition or division of the Litigation Trust Assets or to require an accounting.

6.3 **Evidence of Beneficial Interest.** Ownership of a beneficial interest in the Litigation Trust shall not be evidenced by any certificate, security, or receipt or in any other form or manner whatsoever, except as maintained on the books and records of the Litigation Trust by the Litigation Trustee, which may be the Register.

6.4 **Exemption from Registration.** The Parties hereto intend that the rights of the holders of the beneficial interests arising under this Litigation Trust Agreement shall not be "securities" under applicable laws, but none of the Parties hereto represents or warrants that such rights shall not be securities or shall be entitled to exemption from registration under applicable securities laws. If such rights constitute securities, the Parties intend for the exemption from registration provided by Bankruptcy Code § 1145 and by other applicable law to apply to their issuance under the Plan.

6.5 **Transfer of Beneficial Interests**. Beneficial interests in the Litigation Trust shall be transferable by a Beneficiary except that no such transfer may be made to any of the Debtor's insiders, general partners, or their related parties, or defendants in any Causes of Action, including but not limited to Avoidance Actions, brought by the Litigation Trustee. The Litigation Trust shall

not have any obligation to recognize any transfer of Claims unless and until the Litigation Trustee receives documentation reasonably satisfactory to the Litigation Trustee evidencing such transfer.

6.6 **Absolute Owners**. The Litigation Trustee may deem and treat the Beneficiary reflected as the owner of a beneficial interest on the Register as the absolute owner thereof for the purposes of receiving Distributions and payments on account thereof for federal and state income tax purposes and for all other purposes whatsoever.

6.7 **Change of Address**. A Beneficiary may, after the Effective Date, select an alternative Distribution address by identifying such alternative distribution address, in writing, to the Litigation Trustee. Absent such notice, the Litigation Trustee shall not recognize any such change of distribution address. Such notification shall be effective only upon receipt by the Litigation Trustee.

6.8 **Effect of Death, Dissolution, Incapacity, or Bankruptcy of Beneficiary.** The death, dissolution, incapacity, or bankruptcy of a Beneficiary during the term of the Litigation Trust shall not operate to terminate the Litigation Trust during the term of the Litigation Trust nor shall it entitle the representative or creditors of the deceased, incapacitated or bankrupt Beneficiary to an accounting or to take any action in any court or elsewhere for the Distribution of the Litigation Trust Assets or for a partition thereof nor shall it otherwise affect the rights and obligations of the Beneficiary under this Litigation Trust Agreement or in the Litigation Trust.

6.9 **Standing.** Except as expressly provided in this Litigation Trust Agreement, the Plan or the Confirmation Order, a Beneficiary does not have standing to direct the Litigation Trustee to do or not to do any act or to institute any action or proceeding at law or in equity against any party upon or with respect to the Litigation Trust Assets.

## VII. DISTRIBUTIONS

7.1 **Distributions to Beneficiaries from Litigation Trust Assets.** All payments to be made by the Litigation Trust to any Beneficiary from the Litigation Trust Assets (or from the income and proceeds realized from the Litigation Trust Assets) shall be made only in accordance with the Plan, the Confirmation Order, and this Litigation Trust Agreement. Distributions shall be made by the Litigation Trustee only to the extent that the Litigation Trust has sufficient Litigation Trust Assets (or income and proceeds realized from the Litigation Trust Assets) to make such payments in accordance with and to the extent provided for in the Plan, the Confirmation Order, and this Litigation Trust Agreement. The Litigation Trustee may establish and maintain the Litigation Trust Reserve (as defined in Section 7.2) in such amount as the Litigation Trustee reasonably determines. To the extent that the Litigation Trust Assets available for distribution exceed the Litigation Trust Reserve by at least US$5,000,000, the Litigation Trustee shall, if requested by the Litigation Trust Oversight Committee (acting by majority vote) make an interim distribution in the amount of US$5,000,000 or more within ninety (90) days of any such request.

7.2 **Distributions; Withholding.** The Litigation Trust may retain and supplement from time to time a reserve (the "Litigation Trust Reserve") in such amount (a) as is reasonably necessary to meet contingent liabilities and to maintain the value of the Litigation Trust Assets during the term of the Litigation Trust; (b) to pay reasonable administrative expenses including,

without limitation, the compensation and the reimbursement of reasonable, actual and necessary costs, fees, and expenses (including attorneys' fees and expenses, financial advisor fees and expenses, and disbursing agent fees and expenses) of the Litigation Trustee in connection with the performance of its duties in connection with this Litigation Trust Agreement; and (c) to satisfy all other liabilities and claims of the creditors of the Litigation Trust incurred or assumed in respect to the Litigation Trust (or to which the Litigation Trust Assets are otherwise subject) in accordance with the Plan, the Confirmation Order and this Litigation Trust Agreement. All such distributions shall be made as provided, and subject to any withholding or reserve, in this Litigation Trust Agreement, the Plan or the Confirmation Order. Additionally, the Litigation Trustee may withhold from amounts distributable to any Beneficiary any and all amounts determined in the Litigation Trustee's sole discretion, to be required by any law, regulation, ruling, directive, or other governmental requirement. In addition, all Distributions under this Litigation Trust Agreement shall be net of the actual and reasonable costs of making such Distributions.

7.3 **No Distribution Pending Allowance.** No payment or Distribution shall be made with respect to any Claim to the extent it is a Disputed Claim unless and until such Disputed Claim becomes an Allowed Claim, except for distributions into a Disputed Claims Reserve in accordance with the Plan, Confirmation Order, and this Litigation Trust Agreement.

7.4 **Distributions after Allowance.** Distributions to each holder of a Disputed Claim, to the extent that such Claim ultimately becomes an Allowed Claim, shall be made in accordance with the provisions of the Plan, the Confirmation Order, and this Litigation Trust Agreement.

7.5 **Non-Cash Property.** Any non-Cash property of the Litigation Trust Agreement may be sold, transferred, or abandoned by the Litigation Trustee, subject in all respects to the approval of the Litigation Trust Oversight Committee as set forth in Section 2.8 hereof. If, in the Litigation Trustee's reasonable judgment, such property cannot be sold in a commercially reasonable manner, or the Litigation Trustee believes, in good faith, such property has no value to the Litigation Trust, the Litigation Trustee shall have the right to abandon or otherwise dispose of such property, subject in all respects to the approval of the Litigation Trust Oversight Committee as set forth in Section 2.8 hereof. Except in the case of fraud, willful misconduct, or gross negligence, no party in interest shall have a claim or cause of action against the Litigation Trustee or any director, officer, employee, consultant, or professional of the Litigation Trustee, or any of its professionals or any member of the Oversight Committee, arising from or related to the disposition of non-Cash property in accordance with this Section.

7.6 **No Distribution in Excess of Allowed Amount of Claim**. Notwithstanding anything to the contrary herein, no Holder of an Allowed Claim shall receive in respect of such Claim any Distribution in excess of the Allowed amount of such Claim.

7.7 **Setoff and Recoupment**. The Litigation Trust may, but shall not be required to, setoff against, or recoup from, any Claim and the Distribution to be made pursuant to the Plan in respect thereof, any claims or defenses of any nature whatsoever that any of the Debtor, the Estate or the Litigation Trust may have against the holder of such Claim, except Holders of Class 3 Limited Partnership Claims, but neither the failure to do so nor the allowance of any Claim under the Plan shall constitute a waiver or release by the Debtor, the Estate or the Litigation Trust of any

claim, defense, right of setoff, or recoupment that any of them may have against the holder of any Claim.

## VIII. TAXES

8.1 **Income Tax Status.** Consistent with Revenue Procedure 94-45, 1994-28 I.R.B. 124, the Litigation Trust shall be treated as a liquidating trust pursuant to Treasury Regulation Section 301.7701-4(d) and as a grantor trust pursuant to IRC Sections 671-677. As such, the Beneficiaries will be treated as both the grantors and the deemed owners of the Litigation Trust. Any items of income, deduction, credit, and loss of the Litigation Trust shall be allocated for federal income tax purposes to the Beneficiaries in accordance with Section 1.7 hereof.

8.2 **Tax Returns.** In accordance with IRC Section 6012 and Treasury Regulation Section 1.671-4(a), the Litigation Trust shall file with the IRS annual tax returns on Form 1041. In addition, the Litigation Trust shall file in a timely manner such other tax returns, including any state and local tax returns, as are required by applicable law and pay any taxes shown as due thereon out of the Litigation Trust Assets (or the income or proceeds thereof). Within a reasonable time following the end of the taxable year, the Litigation Trust shall send to each Beneficiary a separate statement setting forth the Beneficiary's share of items of income, gain, loss, deduction or credit and will instruct each such Beneficiary to report such items on their federal income tax returns.

8.3 **Withholding of Taxes and Reporting Related to Litigation Trust Operations.** The Litigation Trust shall comply with all withholding and reporting requirements imposed by any federal, state, local, or foreign taxing authority, and all Distributions made by the Litigation Trust shall be subject to any such withholding and reporting requirements. To the extent that the operation of the Litigation Trust or the liquidation of the Litigation Trust Assets creates a tax liability, the Litigation Trust shall promptly pay such tax liability out of the Litigation Trust Assets (or the income or proceeds thereof) and any such payment shall be considered a cost and expense of the operation of the Litigation Trust payable without Bankruptcy Court order. The Litigation Trust may reserve a sum, the amount of which shall be determined by the Litigation Trust in its sole discretion, sufficient to pay the accrued or potential tax liability arising out of the operations of the Litigation Trust or the operation of the Litigation Trust Assets. The Litigation Trustee, on behalf of the Litigation Trust, may enter into agreements with taxing authorities or other governmental units for the payment of such amounts as may be withheld. Any federal, state, or local withholding taxes or other amounts required to be withheld under applicable law shall be deducted from Distributions hereunder. All Beneficiaries shall be required to provide any information necessary to effect the withholding of such taxes.

8.4 **Treatment of Disputed Claims Reserves.** Notwithstanding any other provision of this Litigation Trust Agreement to the contrary, subject to definitive guidance from the IRS or a court of competent jurisdiction to the contrary, the Litigation Trust shall (a) treat any Litigation Trust Assets allocable to, or retained on account of, a Disputed Claim Reserve in accordance with this Litigation Trust Agreement as held by one or more discrete trusts for federal income tax purposes, consisting of separate and independent shares to be established in respect of each Disputed Claim, in accordance with the trust provisions of the IRC (sections 641 *et seq.*); (b) treat as taxable income or loss of each Disputed Claim Reserve, with respect to any given taxable year,

the portion of the taxable income or loss of the Litigation Trust that would have been allocated to the holders of Disputed Claims had such Claims been Allowed on the Effective Date (but only for the portion of the taxable year with respect to which such Claims are unresolved); (c) treat as a distribution from the Disputed Claim Reserve any increased amounts distributed by the Litigation Trust as a result of any Disputed Claims resolved earlier in the taxable year, to the extent such Distributions relate to taxable income or loss of the Disputed Claim Reserve determined in accordance with the provisions hereof; and (d) to the extent permitted by applicable law, report consistent with the foregoing for state and local income tax purposes. All Beneficiaries shall report, for income tax purposes, consistent with the foregoing. In the event, and to the extent, any Cash retained on account of Disputed Claims in the Disputed Claim Reserve is insufficient to pay the portion of any such taxes attributable to the taxable income arising from the assets allocable to, or retained on account of, Disputed Claims, such taxes shall be (a) reimbursed from any subsequent Cash amounts retained on account of Disputed Claims, or (b) to the extent such Disputed Claims have subsequently been resolved, deducted from any amounts distributable by the Litigation Trustee as a result of the resolutions of such Disputed Claims.

8.5 **Expedited Determination of Taxes.** The Litigation Trust may request an expedited determination of taxes of the Debtor and of the Litigation Trust, including the Disputed Reserves, under Bankruptcy Code § 505 for all returns filed for, or on behalf of, the Debtor and the Litigation Trust for all taxable periods through the termination of the Litigation Trust.

## IX. TERMINATION OF THE LITIGATION TRUST

9.1 **Termination of the Litigation Trust.** The Litigation Trustee and the members of the Litigation Trust Oversight Committee shall be discharged, and the Litigation Trust shall be terminated, at such time as (a) all Disputed Claims have been resolved, (b) all of the Litigation Trust Assets have been liquidated, (c) all duties and obligations of the Litigation Trustee hereunder have been fulfilled, (d) all Distributions required to be made by the Litigation Trustee under the Plan, the Confirmation Order, and this Litigation Trust Agreement have been made, and (e) the Chapter 11 Cases have been closed; provided, however, that in no event shall the Litigation Trust be dissolved later than five (5) years from the Effective Date unless the Bankruptcy Court, upon motion within the six-month period prior to the fifth anniversary (or within the six-month period prior to the end of any extension period), determines that a fixed period extension (not to exceed two (2) years, including any prior extensions, without a favorable private letter ruling from the Internal Revenue Service or an opinion of counsel satisfactory to the Litigation Trustee that any further extension would not adversely affect the status of the Litigation Trust as a liquidating trust for U.S. federal income tax purposes) is necessary to facilitate or complete the liquidation of the Litigation Trust Assets.

9.2 **Final Accounting of the Litigation Trustee.** The Litigation Trustee (or any such successor Litigation Trustee) shall within ninety (90) days after the termination of the Litigation Trust or the death, dissolution, liquidation, resignation, or removal of the Litigation Trustee, render an accounting containing the following information:

(a) A description of the Litigation Trust Assets.

(b) A summarized accounting in sufficient detail of all gains, losses, receipts, disbursements and other transactions in connection with the Litigation Trust and the Litigation Trust Assets during the Litigation Trustee's term of service, including their source and nature.

(c) Separate entries for all receipts of principal and income.

(d) The ending balance of all Litigation Trust Assets as of the date of the accounting, including the Cash balance on hand and the name(s) and location(s) of the depository or depositories where the Cash is kept.

(e) All known liabilities of the Litigation Trust.

(f) All pending actions.

## X. MISCELLANEOUS PROVISIONS

10.1 **Amendments.** The Litigation Trustee may, with the approval of the Litigation Trust Oversight Committee acting by majority vote , modify, supplement, or amend this Litigation Trust Agreement in any way that is not inconsistent with the Plan or the Confirmation Order; provided, however, that no amendment, supplement, or waiver of or to this Litigation Trust Agreement shall (a) adversely affect the payments and/or distributions to be made under the Plan, the Confirmation Order, or this Litigation Trust Agreement, or (b) adversely affect the U.S. federal income tax status of the Litigation Trust as a "liquidating trust." Technical amendments to this Litigation Trust Agreement may be made, as necessary to clarify this Litigation Trust Agreement or enable the Litigation Trustee to effectuate the terms hereof, by the Litigation Trustee with approval by a majority of the Litigation Trust Oversight Committee without the need for Bankruptcy Court approval; provided that no such technical amendments shall alter the powers, compensation, or removal provisions applicable to the Litigation Trustee, or the composition or authority of the Litigation Trust Oversight Committee.

10.2 **Waiver.** No failure by the Litigation Trust or the Litigation Trustee to exercise or delay in exercising any right, power, or privilege hereunder shall operate as a waiver, nor shall any single or partial exercise of any right, power, or privilege hereunder preclude any further exercise thereof, or of any other right, power, or privilege.

10.3 **Cumulative Rights and Remedies.** The rights and remedies provided in this Litigation Trust Agreement are cumulative and are not exclusive of any rights under law or in equity.

10.4 **No Bond Required.** Notwithstanding any state law to the contrary, the Litigation Trustee (including any successor Litigation Trustee) shall be exempt from giving any bond or other security in any jurisdiction other than as provided under this Litigation Trust Agreement.

10.5 **Irrevocability.** This Litigation Trust Agreement and the Litigation Trust created hereunder shall be irrevocable, except as otherwise expressly provided in this Litigation Trust Agreement.

10.6 **Tax Identification Numbers.** The Litigation Trustee may require any Beneficiary to furnish the Litigation Trustee its social security number or employer or taxpayer identification number as assigned by the IRS and the Litigation Trustee may condition any Distribution to any Beneficiary upon the receipt of such identification number.

10.7 **Relationship to the Plan.** The principal purpose of this Litigation Trust Agreement is to aid in the implementation of the Plan and, therefore, this Litigation Trust Agreement incorporates and is subject to the provisions of the Plan and the Confirmation Order. To the extent of any ambiguity between the Plan and this Litigation Trust Agreement, this Litigation Trust Agreement shall be deemed to control. In the event that any provision of this Litigation Trust Agreement is found to be directly inconsistent with a provision of the Plan or the Confirmation Order, the provisions of the Confirmation Order shall control, and as between the Plan and this Litigation Trust Agreement, this Litigation Trust Agreement shall control. In the event that any provision of the Plan is found to be inconsistent with a provision of the Confirmation Order, the Confirmation Order shall control.

10.8 **Division of Litigation Trust.** Under no circumstances shall the Litigation Trustee have the right or power to divide the Litigation Trust unless authorized to do so by the Bankruptcy Court and the Litigation Trust Oversight Committee, acting by majority vote.

10.9 **Applicable Law.** This Litigation Trust shall be governed by and construed in accordance with the laws of the State of New York, without giving effect to rules governing the conflict of laws.

10.10 **Retention of Jurisdiction.** To the fullest extent permitted by law, the Bankruptcy Court shall retain exclusive jurisdiction over the Litigation Trust after the Effective Date, including, without limitation, jurisdiction to resolve any and all controversies, suits and issues that may arise in connection therewith, including, without limitation, this Litigation Trust Agreement, or any entity's obligations incurred in connection herewith, including without limitation, any action against the Litigation Trustee or any professional retained by the Litigation Trustee, or any member of the Oversight Committee or any professional retained by the Oversight Committee, in each case in its capacity as such. Each party to this Litigation Trust Agreement hereby irrevocably consents to the exclusive jurisdiction of the Bankruptcy Court in any action to enforce, interpret or construe any provision of this Litigation Trust Agreement or of any other agreement or document delivered in connection with this Litigation Trust Agreement, and also hereby irrevocably waives any defense of improper venue, forum *non conveniens* or lack of personal jurisdiction to any such action brought in the Bankruptcy Court. Each party further irrevocably agrees that any action to enforce, interpret, or construe any provision of this Litigation Trust Agreement will be brought only in the Bankruptcy Court. Each party hereby irrevocably consents to the service by certified or registered mail, return receipt requested, of any process in any action to enforce, interpret or construe any provision of this Litigation Trust Agreement.

10.11 **Severability.** In the event that any provision of this Litigation Trust Agreement or the application thereof to any person or circumstances shall be determined by the Bankruptcy Court to be invalid or unenforceable to any extent, the remainder of this Litigation Trust Agreement, or the application of such provision to persons or circumstances, other than those as

to which it is held invalid or unenforceable, shall not be affected thereby, and such provision of this Litigation Trust Agreement shall be valid and enforced to the fullest extent permitted by law.

10.12 **Limitation on Benefits.** Except as otherwise specifically provided in this Litigation Trust Agreement, the Plan or the Confirmation Order, nothing herein is intended or shall be construed to confer upon or to give any person other than the Parties hereto and the Beneficiaries any rights or remedies under or by reason of this Litigation Trust Agreement.

10.13 **Notices.** All notices, requests, demands, consents, and other communications hereunder shall be in writing and shall be deemed to have been duly given to a person, if delivered in person or by facsimile with an electromagnetic report of delivery or if sent by overnight mail, registered mail, certified mail, or regular mail, with postage prepaid, to the following addresses:

If to the Litigation Trustee:

Luke Anthony Furler
137 Amoy Street, #02-03
Singapore 049965

If to the Debtor:

Rimon P.C.
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Attn: Brian Powers, Esq.

If to the Litigation Trust Oversight Committee:

To the name and distribution address set forth in the Register with respect to each member of the Litigation Trust Oversight Committee

If to a Beneficiary:

To the name and distribution address set forth in the Register with respect to such Beneficiary.

10.14 **Further Assurances.** From and after the Effective Date, the Parties hereto, as applicable, covenant and agree to execute and deliver all such documents and notices to take all such further actions as may be reasonably required from time to time to carry out the intent and purposes of this Litigation Trust Agreement, and to consummate the transactions contemplated hereby.

10.15 **Integration.** This Litigation Trust Agreement, the Plan, and the Confirmation Order constitute the entire agreement with, by and among the Parties thereto, and there are no representations, warranties, covenants, or obligations except as set forth herein, in the Plan and in

the Confirmation Order. This Litigation Trust Agreement, together with the Plan and the Confirmation Order, supersede all prior and contemporaneous agreements, understandings, negotiations, and discussions, written or oral, of the Parties hereto, relating to any transaction contemplated hereunder. Except as otherwise provided in this Litigation Trust Agreement, the Plan or the Confirmation Order, nothing herein is intended or shall be construed to confer upon or give any person other than the Parties hereto and the Beneficiaries any rights or remedies under or by reason of this Litigation Trust Agreement.

10.16 **Interpretation.** The enumeration and Section headings contained in this Litigation Trust Agreement are solely for convenience of reference and shall not affect the meaning or interpretation of this Litigation Trust Agreement or any term or provision hereof. Unless context otherwise requires, whenever used in this Litigation Trust Agreement the singular shall include the plural and the plural shall include the singular, and words importing the masculine gender shall include the feminine and the neuter, if appropriate, and vice versa, and words importing persons shall include partnerships, associations, and corporations. The words herein, hereby, and hereunder and words with similar import, refer to this Litigation Trust Agreement as a whole and not to any particular Section or subsection hereof unless the context requires otherwise. Any reference to the "Litigation Trustee" shall be deemed to include a reference to the "Litigation Trust" and any reference to the "Litigation Trust" shall be deemed to include a reference to the "Litigation Trustee" except for the references in provisions in which the context otherwise requires.

10.17 **Counterparts.** This Litigation Trust Agreement may be signed by the Parties hereto in counterparts, which, when taken together, shall constitute one and the same document. Delivery of an executed counterpart of this Litigation Trust Agreement by facsimile and email in .pdf format shall be equally effective as delivery of a manually executed counterpart.

**IN WITNESS WHEREOF**, the Parties hereto have either executed and acknowledged this Litigation Trust Agreement, or caused it to be executed and acknowledged on their behalf by their duly authorized officers or representatives, all as of the date first above written.

**Litigation Trustee**

Luke Anthony Furler, solely in his capacity
as Litigation Trustee

By: ________________________________________
Name: ______________________________________

**The Debtor**

Luke Anthony Furler, CRO of the Debtor

By: ________________________________________
Name: ______________________________________

# SCHEDULE 1

## COMPENSATION OF THE LITIGATION TRUSTEE AND ITS PERSONNEL

The hourly rates applicable to the Litigation Trustee and its personnel in connection with the services provided under the Litigation Trust Agreement shall be as follows:

| No. | Position | Rate per hour (US$) |
|---|---|---|
| 1 | Litigation Trustee | 995 |
| 2 | Senior Director | 750 |
| 3 | Senior Manager | 695 |
| 4 | Senior Associate | 425 |
| 5 | Associate | 385 |

**Notes:**

1. The above hourly rates are exclusive of any applicable taxes, disbursements and out-of-pocket expenses.

2. The applicable fees shall be calculated based on the actual time incurred by the relevant personnel in performing the services.