UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| MARS FX US LP, | Case No.: 26-22287 (KYP) |
| Debtor. | |

**ORDER PURSUANT TO 11 U.S.C. § 1129 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 3020 CONFIRMING FIRST AMENDED PLAN OF LIQUIDATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE OF MARS FX US LP**

Mars FX US LP, the debtor and debtor-in-possession (the "Debtor") in the above-captioned chapter 11 case, having filed the: (i) *First Amended Plan of Liquidation Under Chapter 11 of the Bankruptcy Code of Mars FX US LP*, dated August 3, 2026 (ECF Doc. No. 65) (the "Plan");[1] (ii) *Disclosure Statement for the First Amended Plan of Liquidation Under Chapter 11 of the Bankruptcy Code of Mars FX US LP*, dated as of August 3, 2026 (ECF Doc. No. 66) (the "Disclosure Statement"); (iii) *Affidavits of Service* (ECF Doc. No. 74 and 75) evidencing proper service pursuant to this Court's order approving the Disclosure Statement (ECF Doc. No. 70) (the "Approval Order") upon all known creditors, equity holders, and other parties in interest; (iv) *Supplement to First Amended Plan of Liquidation Under Chapter 11 of the Bankruptcy Code of Mars FX US LP* (ECF Doc. No. 78) and *Amendment to Supplement to First Amended Plan of Liquidation Under Chapter 11 of the Bankruptcy Code of Mars FX US LP* (ECF Doc. No. 82) (collectively, the "Plan Supplement"); (v) *Declaration of Luke Anthony Furler in Support of Confirmation of the First Amended Plan of Liquidation Under Chapter 11 of the Bankruptcy Code of Mars FX US LP* (ECF Doc. No. 83); (vi) *Declaration of Courtney M. Roman, Esq., Regarding Voting on and Tabulation of Ballots Accepting and Rejecting the First Amended Plan of*

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

*Liquidation Under Chapter 11 of the Bankruptcy Code of Mars FX US LP* (ECF Doc. No. 84; and (vii) *Debtor's Memorandum of Law in Support of Confirmation of the First Amended Plan of Liquidation Under Chapter 11 of the Bankruptcy Code of Mars FX US LP* (ECF Doc. No. 85); and a hearing pursuant to section 1128 of title 11, United States Code (the "Bankruptcy Code") having been held before the Court on September 17, 2026 to consider confirmation of the Plan (the "Confirmation Hearing") and all parties in interest having had an opportunity to be heard; and this Court having considered all of the filings in support of the Plan and all of the evidence adduced and arguments of counsel at the Confirmation Hearing and all prior proceedings before this Court; and upon the record of the Confirmation Hearing, the transcript of which is incorporated by reference herein, the Court having found and determined that the requirements for confirmation of the Plan set forth in 11 U.S.C. § 1129(a) and all other relevant sections of the Bankruptcy Code have been satisfied, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. Objections

All objections to the Plan that have not been withdrawn, waived or settled by this Order are overruled on the merits.

2. Confirmation

The Plan, in the form annexed hereto as **Exhibit A**, is hereby confirmed pursuant to Bankruptcy Code § 1129.

3. Appointment of Litigation Trustee and Litigation Trust Oversight Committee

Luke Anthony Furler is hereby appointed as the Litigation Trustee pursuant to the Litigation Trust Agreement and may execute the Litigation Trust Agreement in such capacity. The following are hereby appointed as the initial members of the Litigation Trust Oversight

Committee: (i) Gregory M. Dell; (ii) Hongtech Holdings LLC; (iii) MFT MGR LLC; (iv) Jorge A. Castellano; (v) Steven Fuhrman; (vi) Henry Basra; and (vii) Kenny Li.

4. Exit Facility

Each Exit Facility annexed to the Plan Supplement is hereby approved and the Litigation Trustee is authorized to execute each Exit Facility on behalf of the Litigation Trust.

5. Binding Effect

Upon the Effective Date, the Plan and its provisions shall be binding upon the Debtor, any Person acquiring or receiving property or a distribution under the Plan, and any Holder of a Claim against or Interest in the Debtor, including all governmental entities (including without limitation all taxing authorities), whether or not the Claim or Interest of such Holder is Impaired under the Plan, whether or not the Claim or Interest is Allowed, and whether or not such Holder or Entity has accepted the Plan.

6. Substantial Consummation of the Plan

Upon the occurrence of the Effective Date, the Plan shall have been substantially consummated within the meaning of Bankruptcy Code § 1101.

7. Notice of Entry of Confirmation Order, Occurrence of Effective Date, Rejection Damages Bar Date, and Administrative Expense Claims Bar Date

Pursuant to Bankruptcy Rules 2002(f), 2002(k) and 3020(c), on or before the tenth (10th) day following the Effective Date, the Debtor shall electronically file with the Court and serve notice of entry of this order and occurrence of the Effective Date by causing notice of entry of this order, occurrence of the Effective Date, Rejection Damages Bar Date, and Administrative Expense Claims Bar Date in substantially the same form as attached hereto as **Exhibit B** (the "Notice of Confirmation"), to be delivered to: (i) all known holders of Claims and Interests (regardless whether those claims or interests are unimpaired or impaired by the Plan), (ii) all known

counterparties to executory contracts and unexpired leases, (iii) applicable taxing authorities, (iv) the U.S. Trustee, and (v) the United States (in accordance with Bankruptcy Rule 2002(j)) and all known parties in interest by first-class mail, postage prepaid. The notice described herein is adequate and no other or further notice is necessary. The form of Notice of Confirmation substantially in the form annexed hereto as **Exhibit B**, including the deadlines and requirements set forth therein, is approved.

8. Conflicts Between Confirmation Order and Plan

Unless specifically stated otherwise in the Plan or any document approved by this Confirmation Order (including any document included in the Plan Supplement), in the event of a conflict between the terms of the Plan and any contract, instrument, release or other agreement or document created or entered into in connection with the Plan, the terms of the Plan shall control over any such documents. In the event of a conflict between the terms of the Plan or any contract, instrument, release or other agreement or document entered into in connection with the Plan, on the one hand, and the terms of this Confirmation Order, on the other hand, the terms of this Confirmation Order shall control. In the event of a conflict between the information contained in the Disclosure Statement, on the one hand, and the terms of the Plan, this Confirmation Order or any contract, instrument, release or other agreement or document entered into in connection with the Plan, on the other hand, the Plan, this Confirmation Order or any contract, instrument, release or other agreement or document entered into in connection with the Plan (as the case may be) shall control.

9. Closing of the Case

The Chapter 11 Case shall be closed following the consummation of the Plan upon further application and approval of the Court.

10. Claims Classification Process

Notwithstanding any provision of the Plan to the contrary, each holder of a Limited Partnership Claim shall be permitted, by no later than sixty (60) days after the Effective Date, to file an amended proof of claim (or, to the extent such claim appeared on the Debtor's schedules but no proof of claim was filed, a new superseding proof of claim) (each, an "Amended LP Claim") in writing or electronically on the Court's website at www.nysb.uscourts.gov, asserting that all or any portion of such Amended LP Claim is entitled to be treated as a Class 2 General Unsecured Claim under the Plan and this Order, as opposed to a Class 3 Limited Partnership Claim. In the event any such Amended LP Claim is timely filed, it shall be deemed an Allowed Class 2 General Unsecured Claim unless and until it is the subject of an Amended LP Claim Objection (as hereinafter defined), and shall be subject to the reserve requirements set forth in Article VII of the Plan until entry of a final order resolving the applicable Amended LP Claim Objection. The Litigation Trustee, the Litigation Trust Oversight Committee, and any other party in interest reserves all rights to: (i) object to such Amended LP Claim on any legal or equitable grounds, and seek to reduce, reclassify, and/or disallow such claim or other relief; (ii) seek subordination of such Amended LP Claim pursuant to Bankruptcy Code § 510(b); and/or (iii) seek to avoid the incurrence by the Debtor of any debt underlying such Amended LP Claim pursuant to Bankruptcy Code §§ 544, et seq. and/or applicable state law (one or more of (i)-(iii), an "Amended LP Claim Objection"), and the party asserting such Amended LP Claim reserves all available defenses to such an Amended LP Claim Objection.

In the event the Litigation Trustee, the Litigation Trust Oversight Committee, or other party in interest files an Amended LP Claim Objection, whether by motion, objection, or adversary proceeding (as the case may be), such party may seek Court approval to utilize an omnibus motion,

omnibus objection, or consolidated adversary proceeding to address some or all of the Amended LP Claims. This Court shall retain jurisdiction to hear and adjudicate all disputes related to Amended LP Claims and Amended LP Claims Objections and to grant appropriate relief which may include disallowance, reclassification, recharacterization, and/or subordination, in each case in whole or in part, to one or more Classes under the Plan, to one or more positions between the existing Classes established under the Plan, or such other relief as the Court may deem appropriate.

11. Record Closed

The record of the Confirmation Hearing is hereby closed.

12. Final Order

This order is a final order and the period in which an appeal must be filed shall commence upon the entry hereof.

**Dated: September 21, 2026**
**Poughkeepsie, New York**

**/s/ Kyu Y. Paek**

**Hon. Kyu Y. Paek**
**U.S. Bankruptcy Judge**